*In re* NELSON VÉLEZ LUGO, querellado.

*Número:* AB-1999-62          *Resuelto:* 11 de mayo de 2005

*Roberto J. Sánchez Ramos*, procurador general; *Nelson Vélez Lugo*, abogado querellado; *Rafael Pérez Román*, querellante.

PER CURIAM: El 5 de junio de 1998 el Lcdo. Nelson Vélez Lugo fungió como notario en el otorgamiento de una escritura de hipoteca en garantía de pagaré. Los otorgantes fueron el Sr. Rafael Pérez Román y su esposa. También juramentó el correspondiente pagaré al portador, que garantizaba la suma de $90,000. Más adelante, el licenciado Vélez Lugo obtuvo ese mismo pagaré en garantía de una deuda que tenía el señor Pérez Román con dicho letrado.(¹) De esa manera obtuvo interés en un negocio jurídico en el que él intervino como notario.

Al no poder cobrar el dinero adeudado y surgir desavenencias entre los miembros de la Junta de Directores de la corporación Metro Specialty Services, Inc., en la que tanto el licenciado Vélez Lugo como el señor Pérez Román eran miembros, el abogado querellado interpuso una demanda contra el señor Pérez Román, su esposa y la sociedad legal de gananciales, y presentó como evidencia de la deuda a su favor el pagaré juramentado por él. En este pleito se dilu-

---

(¹) En su informe, el Procurador General señala que, de los documentos que constan en el expediente, no pudo determinar la fecha exacta en que se negoció el pagaré.

cidaba una controversia relacionada con un documento juramentado por dicho abogado como notario y se requería el pago de las prestaciones prometidas en éste. Es importante subrayar que en dicho pleito *existía la controversia sobre cómo el abogado obtuvo el pagaré y la firma de uno de los otorgantes.* Posteriormente, al fallecer su abogado en el pleito civil, el licenciado Vélez Lugo se representó por derecho propio desde el 15 de junio de 2000 hasta que terminó el pleito mediante transacción el 13 de agosto de 2003. Entre los acuerdos figuraba la devolución por parte del licenciado Vélez Lugo de la Escritura Núm. 27 de 1998 sobre hipoteca y el pagaré correspondiente en garantía de hipoteca al señor Pérez Román y a su esposa.

El 3 de junio de 1999, luego de ser emplazado, y mientras iniciaba el pleito de *injunction* y por cobro de dinero en el caso *Nelson Vélez Lugo y otros v. Metro Specialties Services, Inc., y otros,* Civil Núm. CPE 1999–0091, el señor Pérez Román presentó una queja ante este Foro contra el licenciado Vélez Lugo. En ella alegó, en síntesis, que su esposa y él habían firmado en fechas separadas el pagaré, que el licenciado Vélez Lugo se apropió ilegalmente del pagaré y que nunca se los entregó. Además, alegó que el número de licencia de conducir que aparece bajo la firma de su esposa no es el de ella. El 29 de julio de 1999 el abogado contestó la queja, negando haberse apropiado ilegalmente del pagaré y señalando que éste le fue entregado en garantía del pago de $90,000 que le debía Metro Specialties Services, Inc. Por último, planteó que el número de la licencia que aparece en el pagaré es el que le dio la propia quejosa y que, al ésta leerlo, no lo impugnó. El 5 de agosto de 1999 la Secretaria del Tribunal Supremo refirió el expediente a la Oficina del Procurador General.

Luego de varios incidentes procesales, mediante resolución emitida el 30 de enero de 2004, ordenamos al Procurador General a continuar con la investigación y someter su informe. Así lo hizo el 9 de diciembre de 2004 y concluyó

que la conducta del licenciado Vélez Lugo constituye una posible violación a la Regla 5 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, y al Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. El informe aclara que el Procurador General no pudo comunicarse con el quejoso, lo que le impidió constatar su alegación de que el licenciado Vélez Lugo juramentó el pagaré sin que el otorgante lo hubiera firmado en su presencia.

El 7 de febrero de 2005 el licenciado Vélez Lugo presentó una réplica al informe del Procurador General. En ésta aclara que, cuando otorgó el pagaré, ni él ni el quejoso "tenían idea de que posteriormente iba a servir de colateral" para la deuda que el quejoso alegadamente contrajo con él. También alega que al juramentar el pagaré observó todos los requisitos legales pertinentes. Además, aduce que el abogado —que lo representaba en el pleito contra el señor Pérez Román— falleció y que sus gestiones para sustituirlo fueron infructuosas, por lo cual decidió continuar en el pleito por derecho propio.

I

La Regla 5 del Reglamento Notarial de Puerto Rico, *supra*, dispone como sigue:

La práctica de la profesión de abogado puede ser en algunas ocasiones incompatible con la práctica de la notaría.

El notario autorizante de un documento público está impedido de actuar posteriormente como abogado de una de las partes otorgantes para exigir en un litigio contencioso las contraprestaciones a que se haya obligado cualquier otra parte en el documento otorgado ante él.

El notario está impedido de representar como abogado a un cliente en la litigación contenciosa y, a la vez, servir de notario en el mismo caso por el posible conflicto de intereses o incompatibilidades que puedan dimanar del mismo.

Las normas recogidas en los dos párrafos precedentes aplicarán al notario personalmente y no a aquellos notarios y abogados que sean o hayan sido sus socios o compañeros de oficina. No obstante, los socios o compañeros de oficina del

notario autorizante no podrán representar a una parte otorgante en un documento público autorizado por éste, cuando en un litigio se impugne la validez de cualquiera de los acuerdos que surgen del documento o se alegue que se omitieron acuerdos relativos al asunto objeto del mismo, o cuando por alguna otra razón se cuestione la actuación del notario autorizante.

No obstante, podrá actuar el abogado como notario en toda acción *ex parte*, de jurisdicción voluntaria, y en los recursos gubernativos a menos que su actuación esté expresamente prohibida por ley o doctrina jurisprudencial. *También, podrá actuar el notario como abogado en un mismo asunto cuando el notario antes de un litigio sólo haya dado fe de la autenticidad de firmas y en el litigio no estén en controversia las firmas ni el documento donde aparezcan tales firmas sea el objeto principal de la reclamación.*

Queda siempre al sano juicio del notario y sus socios o compañeros de oficina, dentro de su responsabilidad profesional, decidir cuándo deben abstenerse de actuar aun en casos en que su actuación estuviere permitida, pero que por sus particulares circunstancias en la dimensión ética podrían generar un potencial de conflicto o la apariencia de conducta impropia. (Énfasis suplido.)

■ Al interpretar la Regla 5 del Reglamento Notarial antes citada, hemos sostenido que es impropio que un abogado combine las funciones de notario y de abogado en un mismo asunto. *In re Chiques Velázquez*, 161 D.P.R. 303 (2004); *In re Avilés, Tosado*, 157 D.P.R. 867 (2002).

■ Por otra parte, hemos reiterado, en numerosas ocasiones, que en el ejercicio de la profesión los abogados tienen la obligación ética de evitar, tanto en la realidad como en la apariencia, la impresión de conducta conflictiva e incorrecta. *In re Pizarro Santiago*, 117 D.P.R. 197 (1986). Así surge de la primera oración del Canon 38 del Código de Ética Profesional, *supra*, según la cual "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Es importante recalcar, en este sentido, que los cánones de ética establecen unas pautas mínimas de conducta que deben guiar a

los abogados en el ejercicio de su profesión. *In re Ortiz Brunet*, 152 D.P.R. 542 (2000); *In re Filardi Guzmán*, 144 D.P.R. 710 (1988).

El licenciado Vélez Lugo actuó como abogado en un litigo que involucraba una escritura pública —hipoteca— que fue otorgada ante él y de la cual dio fe en su capacidad como notario. Además, se cuestionaba otro documento —un pagaré— que fue juramentado ante él, también en su capacidad como notario. Precisamente, una de las controversias principales del litigio giraba en torno a la validez de dicho pagaré. Su proceder generó un conflicto potencial y, a todas luces, tiene la apariencia de conducta impropia. *Por todo lo anterior, lo censuramos enérgicamente.*

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Rebollo López y Rivera Pérez no intervinieron.