EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Nelson Vélez Lugo | 2016 TSPR 104 |
| | 195 DPR ____ |

Número del Caso: AB-2008-127

Fecha: 17 de mayo de 2016

Abogado del Promovido:

      Por derecho propio

Materia: La suspensión será efectiva el 26 de mayo de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

    Nelson Vélez Lugo

                AB-2008-127

*PER CURIAM*

En San Juan, Puerto Rico, a 17 de mayo de 2016.

En esta ocasión, nos corresponde atender nuevamente una situación en la que un miembro de nuestra profesión desatiende las órdenes de este Tribunal y asume una conducta de extrema indiferencia durante el trámite de un proceso ético-disciplinario en su contra. En particular, sancionamos a un abogado que hizo caso omiso a las resoluciones de este Tribunal y violentó así las disposiciones de nuestro Canon 9 de Ética Profesional, 4 LPRA Ap. IX, C. 9. De esta forma, reiteramos sin ambages de clase alguna que no dudaremos en suspender de la profesión jurídica a aquellos letrados que falten al deber de diligencia y respeto hacia este Tribunal.

**I.**

El Lcdo. Nelson Vélez Lugo fue admitido al ejercicio de la abogacía el 6 de junio de 1983 y prestó juramento como notario el 23 de junio de 1983.[1] Durante su trayecto profesional, éste ha sido objeto de múltiples quejas y procedimientos disciplinarios que han desembocado en amonestaciones, censuras enérgicas y suspensiones del ejercicio de la abogacía y de la notaría.[2] A continuación, reseñamos los hechos que motivan la queja de epígrafe y que, según discutiremos más adelante, nos llevan a disciplinarle una vez más.

El 3 de junio de 2008, la Sra. Dorcas Olivera Batista presentó una queja ética en contra del licenciado Vélez Lugo. Sostuvo, en síntesis, que en mayo del año 1990 éste otorgó como notario tres (3) escrituras de compraventa, segregación e hipoteca las cuales no han podido ser inscritas. Ello se debió a que la información contenida en las mismas no coincide con la información que consta en el Registro de la Propiedad. Añadió que, representada por el letrado, presentó una demanda ante el Tribunal de Primera Instancia en el año 2002 con el fin de lograr la

---

[1] Mediante Opinión *Per Curiam* del 27 de abril de 2009, suspendimos al licenciado Vélez Lugo del ejercicio de la abogacía por un término de tres (3) meses. In re Vélez Lugo, 175 DPR 854 (2009). Ante ello, su obra protocolar fue incautada. El 22 de julio de 2010, decretamos la reinstalación del licenciado Vélez Lugo a la abogacía, mas no a la notaría. Posteriormente, en In re Vélez Lugo, 180 DPR 987 (2011), suspendimos nuevamente de la profesión jurídica al letrado por un término de tres (3) meses y eventualmente lo reinstalamos al ejercicio de la abogacía, pero no al de la notaría. En vista de ello, actualmente éste no está activo en el ejercicio la notaría.
[2] Véanse, In re Vélez Lugo, 164 DPR 751 (2005); In re Vélez Lugo, 168 DPR 492 (2006); In re Vélez Lugo, 175 DPR 854 (2009); In re Vélez Lugo, 180 DPR 987 (2011).

inscripción de las referidas escrituras públicas. No obstante, señaló que el caso fue eventualmente archivado por la inacción del licenciado.

El 6 de agosto de 2008, el licenciado Vélez Lugo presentó, tardíamente, su contestación a la queja. Alegó que su esposa había sufrido unos percances de salud que le imposibilitaron contestar a tiempo la queja presentada en su contra. En cuanto a los méritos del asunto que nos ocupa, aceptó haber autorizado las escrituras indicadas en la queja, pero negó haber estado a cargo de su presentación ante el Registro de la Propiedad. Además, reconoció que los problemas de inscripción de los instrumentos públicos estaban relacionados con una incongruencia en la cabida remanente de la finca principal, causada a su vez por la inscripción de otras escrituras de segregación sobre la misma. Mencionó que presentó la demanda a la que aludió la señora Olivera Batista en aras de lograr la inscripción de las escrituras en controversia. Añadió, finalmente, que resolvería el asunto de la inscripción sin cobrar honorarios adicionales.[3]

---

[3] Cabe destacar que el 9 de septiembre de 2008, la presente queja fue referida a la Oficina de Inspección de Notarías (ODIN) para la correspondiente investigación e informe. No obstante, en vista de que el 27 de abril de 2009 suspendimos por un término de tres (3) meses al licenciado Vélez Lugo mediante Opinión *Per Curiam*, el 9 de julio de 2009 archivamos administrativamente la queja de epígrafe. El 22 de julio de 2010, decretamos la reinstalación del licenciado Vélez Lugo, reactivamos la presente queja y, posteriormente, concedimos un término a la ODIN para que presentara su informe en este caso.

Así las cosas, el 10 de diciembre de 2010 la Oficina de Inspección de Notarías (ODIN) rindió su *Informe*. Indicó que el licenciado Vélez Lugo "pudo haber incurrido en conducta negligente y contraria a los postulados del Código de Ética Profesional[] al no atender oportunamente las deficiencias registrales de sus escrituras y, en general, el asunto encomendado".[4] Mencionó que la obra notarial del letrado presentaba una multiplicidad de deficiencias. Recomendó a este Tribunal ordenar al licenciado Vélez Lugo llevar a cabo las gestiones necesarias para lograr la inscripción de los instrumentos públicos en controversia antes de evaluar las posibles violaciones éticas en que éste incurrió.

El licenciado Vélez Lugo se expresó en torno al *Informe* de la ODIN. Empero, éste únicamente atendió los señalamientos relacionados a las deficiencias señaladas en su obra notarial. Es decir, no atendió la cuestión medular de la queja de epígrafe.

Así las cosas, el 4 de marzo de 2011 emitimos una Resolución mediante la cual ordenamos al licenciado Vélez Lugo presentar ante la ODIN "un plan de acción" para lograr la inscripción de las escrituras en cuestión y mantener informado a este Tribunal de las gestiones efectuadas para cumplir con esta orden. Se le apercibió que un incumplimiento con la misma podría conllevar sanciones.

---

[4] Véase, *Informe* de la ODIN de 9 de diciembre de 2010, pág. 8.

El 7 de julio de 2011, la ODIN compareció e informó que el licenciado Vélez Lugo no había remitido la información requerida mediante la Resolución del 4 de marzo de 2011. Ante ello, el 21 de octubre de 2011 emitimos una segunda Resolución, notificada personalmente el 26 de octubre de 2011 mediante la cual concedimos al licenciado Vélez Lugo un término final de veinte (20) días para cumplir con nuestra Resolución de 4 de marzo de 2011. Se le advirtió que su incumplimiento con lo anterior podría conllevar un procedimiento de desacato.

Para el 31 de enero de 2014, habiendo transcurrido más de dos años desde que emitimos la anterior Resolución, el licenciado Vélez Lugo no había cumplido con las órdenes de este Tribunal ni había planteado la existencia de justa causa para tal incumplimiento. Ante ello, el 31 de enero de 2014 emitimos una Resolución mediante la cual referimos el asunto a la Jueza Administradora del Tribunal de Primera Instancia, Sala de San Juan, para que el foro primario celebrara una vista de desacato.[5]

---

[5] Conforme a esta orden, el Tribunal de Primera Instancia ha celebrado varias vistas de desacato en el caso Pueblo v. Nelson Vélez Lugo, K FJ2014M0012. Particularmente, el 10 de septiembre de 2015 se celebró una vista a la cual compareció la Lcda. Ana Cristina Díaz Velazco en representación de la ODIN. Según se desprende de la minuta de la referida vista, el licenciado Vélez Lugo, representado por su abogado, expresó haber realizado gestiones dirigidas a finiquitar el asunto en cuestión. Solicitó un término adicional de cuarenta y cinco (45) días para completar las gestiones necesarias para ello. A esto, la licenciada Díaz Velazco respondió que era preocupante el término transcurrido en este caso y que el licenciado debió trabajar el plan de acción con anterioridad. Resaltó que "no es el interés [de la ODIN] promover una sanción[,] pero el término transcurrido y la falta de diligencia de las partes hace que no haya otra alternativa en este momento". Véase, *Minuta* del 10 de septiembre de 2015 del caso Pueblo v. Nelson Vélez Lugo, supra. Asimismo, el 10 de marzo de 2016 se llevó a cabo otra vista de cuya minuta surge que el licenciado Vélez Lugo se

El 3 de marzo de 2015, recibimos copia de un escrito presentado por la ODIN ante el Tribunal de Primera Instancia con relación al caso de desacato. En el mismo, la ODIN informa nuevamente que "no surge de [sus] expedientes que el licenciado Vélez Lugo haya presentado el plan de acción inicialmente requerido en la Resolución emitida por [este Tribunal] el 4 de marzo de 2011 y reiterada ulteriormente en la Resolución emitida el 21 de octubre de 2011".[6]

Conviene mencionar que entre diciembre de 2015 y febrero de 2016, el licenciado Vélez Lugo presentó varias mociones ante este Tribunal en las que expresó que ha intentado comunicarse con la señora Olivera Batista por teléfono y mediante carta en ánimo de lograr la inscripción de las escrituras que motivan el presente caso. Anejó copia de una moción presentada ante el foro de instancia en el caso de desacato el 7 de diciembre de 2015 en la que informó las gestiones que ha realizado para, según alega, inscribir las escrituras. Entre éstas se encuentran, por ejemplo, llamar y escribir una carta a la señora Olivera Batista, revisar el expediente de la queja de epígrafe y reunirse con un abogado. Nótese que tales gestiones, lejos de ser un plan de acción como el

---

comprometió a contratar, dentro de un término de treinta (30) días, a un abogado para llevar a cabo un expediente de dominio con el fin de atender el asunto que nos ocupa. La siguiente vista de desacato en este caso está pautada para el próximo 30 de junio de 2016.

[6] Véase, *Moción en cumplimiento de orden* de la ODIN del 3 de marzo de 2015, presentada ante el Tribunal de Primera Instancia en relación al caso Pueblo v. Nelson Vélez Lugo, supra, págs. 2-3.

ordenado, constituyen actuaciones aisladas que carecen de especificidad y que, como mínimo, el licenciado Vélez Lugo debió haber realizado desde que emitimos la orden en controversia en el 2011.[7]

## II.

Todo abogado tiene el deber ineludible de cumplir con diligencia las órdenes de este Tribunal, sobre todo cuando tales órdenes se dictan en el contexto de un proceso disciplinario ético. In re Rodríguez Salas, 181 DPR 579 (2011). Así lo expresa el Canon 9 de Ética Profesional, supra, que regula lo relativo a la conducta de los abogados hacia los tribunales y requiere que ésta "se caracterice por el mayor respeto". Íd.

Cónsono con lo anterior, hemos advertido reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 de Ética Profesional, supra. In re Pérez Román, 191 DPR 186 (2014); In re Maldonado Rivera, 147 DPR 380 (1999). Sin lugar a dudas, cuando "un abogado no atiende con diligencia nuestros

---

[7] Resaltamos, además, que el 29 de diciembre de 2015, la señora Olivera Batista presentó ante este Tribunal una moción en la que expresó que "han pasado 25 años desde que se otorgaron las escrituras, 7 años desde que present[ó] [su] queja y 4 años desde que este Tribunal le ordenara corregir la situación . . . y es ahora, por el caso de desacato criminal, que el [licenciado] Vélez Lugo intenta comunicarse" con ella. Véase, Moción urgente solicitando remedio, pág. 1. Añadió que algunas de las personas relacionadas con las escrituras en controversia han muerto, y en cuanto a otras, desconoce su paradero. Asimismo, detalló que el remanente del Registro de la Propiedad ya no es el mismo, puesto que se han inscrito varias segregaciones posteriores a la otorgación de las escrituras en cuestión. Finalmente, indicó que no interesa que el licenciado Vélez Lugo lleve a cabo las gestiones dirigidas a la inscripción de su propiedad, pues no es una persona de su confianza.

requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias" procede decretar su suspensión de la profesión de la abogacía. In re Pérez Román, supra, pág. 188. Véanse además, In re Colón Olivo, 187 DPR 659 (2013); In re Marrero García, 187 DPR 578 (2012); In re Betancourt Medina, 183 DPR 821 (2011).

Actuar con indiferencia, despreocupación y falta de cooperación es incompatible con la norma ética que el Canon 9, supra, pretende salvaguardar. In re Fidalgo Córdova, 183 DPR 217 (2011). Hemos sido enfáticos al expresar que este Tribunal no tolerará la actitud de indiferencia por parte de un miembro de nuestra profesión ante nuestras órdenes. In re López González, 189 DPR 581 (2013). Y no es para menos. Después de todo, desatender nuestras órdenes en el curso de un procedimiento disciplinario, "revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". In re Massanet Rodríguez, 188 DPR 116, 126 (2013).

Finalmente, conviene destacar que al momento de imponer una sanción disciplinaria, hemos de tomar en consideración los siguientes factores:

> (i) la buena reputación del abogado en la comunidad; (ii) su historial previo; (iii) si [é]sta constituye su primera falta y si alguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) resarcimiento al cliente, y (viii) cualesquiera otras consideraciones, ya

bien atenuantes o agravantes, que medien de acuerdo con los hechos. In re Pérez Marrero, 185 DPR 449, 461 (2012), citando a In re Quiñones Ayala, 165 DPR 138, 147 (2005).

## III.

En el año 2011 emitimos una Resolución mediante la cual ordenamos al licenciado Vélez Lugo presentar un plan de acción para lograr la inscripción de las escrituras relacionadas a la queja de epígrafe, so pena de sanciones. Éste no cumplió con lo solicitado. A pesar de su incumplimiento, le otorgamos una segunda oportunidad para cumplir con nuestra orden. No obstante, habiendo transcurrido un término de más de cuatro años, el licenciado Vélez Lugo no ha presentado el plan requerido.[8]

La actitud de indiferencia y dejadez del licenciado Vélez Lugo ante los requerimientos de este Tribunal es inaceptable. Su proceder es uno de menosprecio hacia nuestra autoridad y es incompatible con el ejercicio de la profesión de la abogacía. Su actitud constituye, pues, un absoluto menosprecio a lo dispuesto por el Canon 9 de Ética Profesional, supra, y a esta Institución. A lo anterior se suman factores agravantes tales como su historial disciplinario y el perjuicio que ha causado a la

---

[8] Según señalamos anteriormente, es ahora, en el contexto de un procedimiento de desacato ordenado por este Tribunal y habiendo transcurrido más de cuatro años desde que emitiéramos la orden en cuestión, que el licenciado Vélez Lugo comparece ante nos y alega haber efectuado ciertas gestiones –tales como llamar por teléfono y enviar una carta a la señora Olivera Batista y revisar el expediente de la presente queja ética- supuestamente dirigidas a lograr la inscripción de las escrituras otorgadas. Aun así, nótese que tales gestiones no constituyen el cumplimiento con lo ordenado.

señora Olivera Batista la falta de diligencia del letrado durante un transcurso considerable de tiempo.

Por los fundamentos que anteceden, concluimos que el licenciado Vélez Lugo infringió Canon 9 de Ética Profesional, supra, y ordenamos su suspensión inmediata e indefinida de la práctica de la abogacía. En vista de lo anterior, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos correspondientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La suspensión del licenciado Vélez Lugo no le exime de cumplir con las órdenes del Tribunal de Primera Instancia, Sala de San Juan, en el caso de desacato Pueblo v. Nelson Vélez Lugo, K FJ2014M0012, que se celebra en virtud de nuestra Resolución del 31 de enero de 2014. Por el contrario, lo aquí dispuesto en nada afecta los trámites del mencionado caso de desacato.

Notifíquese personalmente al licenciado Vélez Lugo esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Nelson Vélez Lugo          AB-2008-127

SENTENCIA

En San Juan, Puerto Rico, a 17 de mayo de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Nelson Vélez Lugo por infringir el Canon 9 del Código de Ética Profesional.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Sentencia.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo