*In re* DIEGO E. MEJÍAS MONTALVO, querellado.

*Número:* AB-2013-0411          *Resuelto:* 27 de febrero de 2017

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías, en informe; *José Luis Rico Dávila*, quejoso.

PER CURIAM: Nuevamente tenemos ante nuestra consideración la conducta de un profesional del Derecho que incumplió, de forma reiterada, con las órdenes de este Tribunal. Tal proceder representa una inobservancia a los deberes que se derivan del Canon 9 del Código de Ética Profesional y, por consiguiente, nos vemos forzados a separarlo, inmediata e indefinidamente, del ejercicio de la profesión de la abogacía.

I

El 8 de octubre de 2013, el Sr. José L. Rico Dávila presentó una queja contra el Lcdo. Diego E. Mejías Montalvo.(¹) En esencia, informó que contrató al licenciado

---

(¹) El Lcdo. Diego E. Mejías Montalvo fue admitido al ejercicio de la profesión de la abogacía el 25 de mayo de 1972 y al de la notaría el 16 de junio de 1972.

Mejías Montalvo para que lo representara en un asunto de derecho sucesorio. No obstante, el señor Rico Dávila sostuvo que el licenciado Mejías Montalvo no realizó trámite alguno para adelantar su causa ni le devolvió cierta documentación que éste le había proporcionado.

Tras concedérsele varias prórrogas, el 9 de abril de 2014, el licenciado Mejías Montalvo contestó la queja. Indicó en su misiva que desconocía los reclamos del señor Rico Dávila y que lamentaba que éste hubiese recurrido a presentar una queja sin antes informarle sobre la controversia. Posteriormente, el 18 de mayo de 2015 referimos el asunto a la Oficina de Inspección de Notarías (ODIN) para la investigación correspondiente. El 17 de septiembre de 2015, el Director de la ODIN, Lcdo. Manuel E. Ávila de Jesús, compareció ante nosotros mediante un Informe. En éste, la ODIN concluyó que no existía evidencia que demostrara que el licenciado Mejías Montalvo hubiese incurrido en una conducta impropia relacionada con el ejercicio de la notaría. Ello, pues las imputaciones que surgían de la queja se relacionaban con el licenciado Mejías Montalvo en su carácter de representante legal del quejoso. Por ello, la ODIN recomendó archivar la queja en cuanto a la imputación de violaciones a la ley o al reglamento notarial y sugirió que contempláramos referir el asunto a la Oficina de la Procuradora General.(²)

El 25 de septiembre de 2015 este Tribunal emitió una Resolución mediante la cual concedió al licenciado Mejías Montalvo un término de veinte días para que se expresara en torno al Informe. Asimismo, se le apercibió que, de no

---

(²) Se desprende del Informe que el 13 de agosto de 2015 el licenciado Mejías Montalvo presentó ante la Oficina de Inspección de Notarías (ODIN) una misiva para hacer constar su interés en cesar voluntariamente a la profesión de la abogacía y la notaría. Luego, depositó su obra notarial para que se inspeccionaran los años 2011 al 2015, pues ésta estaba aprobada hasta el año 2010.

No obstante, hacemos constar que en ningún momento el licenciado Mejías Montalvo presentó una petición de cambio de estatus ante este Tribunal o reiteró su interés en cesar la práctica de la abogacía tras notificársele las diversas resoluciones que emitió este Tribunal posteriormente.

comparecer, se allanaría a las recomendaciones ahí formuladas. El licenciado Mejías Montalvo no compareció. Así, pues, el 27 de mayo de 2016 ordenamos el archivo de la queja y le concedimos un término de veinte días para que devolviera el expediente sobre declaratoria de herederos al señor Rico Dávila y acreditar su entrega.

Posteriormente, el 11 de octubre de 2016, el señor Rico Dávila compareció ante nosotros para informarnos que el licenciado Mejías Montalvo incumplió con nuestra orden, pues no había devuelto el expediente en cuestión. En consecuencia, el 18 de octubre de 2016 concedimos un término final de cinco días al licenciado Mejías Montalvo para que certificara el cumplimiento con nuestra orden. A pesar de ello, éste incumplió.

Finalmente, el 16 de diciembre de 2016, este Foro emitió una Resolución en la que se concedió un término final de tres días al licenciado Mejías Montalvo para que acreditara la devolución del expediente del señor Rico Dávila. Asimismo, se le apercibió que su incumplimiento podría conllevar sanciones disciplinarias, incluyendo la suspensión del ejercicio de la profesión de la abogacía. Cabe destacar que esta Resolución se notificó personalmente al licenciado Mejías Montalvo. Empero, al día de hoy, éste no ha comparecido ni ha solicitado una prórroga para comparecer, por lo que continúa su incumplimiento con nuestras órdenes.

## II

Sin ambages, el Canon 9 del Código de Ética Profesional dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. Puesto que el profesional del Derecho es un funcionario del sistema judicial, éste tiene que emplear "estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer". *In re Rodríguez Quesada,*

195 DPR 967, 969 (2016). Véase, además, *In re Stacholy Ramos*, 195 DPR 858, 860 (2016); *In re Crespo Peña*, 195 DPR 318, 321 (2016).

Reiteradamente, hemos categorizado el incumplimiento con este deber como un menosprecio a la autoridad del Tribunal. *In re Rodríguez Quesada*, supra, pág. 969. Ello, pues "un abogado que desatiende las órdenes o los requerimientos oficiales trastoca y afecta nuestra función reguladora de la profesión legal en Puerto Rico". *In re Colón Collazo*, 196 DPR 239 (2016). Sin duda, tal proceder es incompatible con los preceptos consagrados en el Canon 9 del Código de Ética Profesional. *In re Figueroa Cortés*, 196 DPR 1 (2016); *In re Vélez Lugo*, 195 DPR 550, 556 (2016).

Por lo tanto, el incumplimiento con el precitado canon conlleva, ineludiblemente, la imposición de sanciones disciplinarias. Véanse: *In re Montalvo Delgado*, 196 DPR 542 (2016); *In re Alicea Martínez*, 195 DPR 855, 856–857 (2016). En particular, hemos expresado que "procede la suspensión inmediata de un miembro de la profesión legal cuando desatiende nuestras órdenes y se muestra indiferente a nuestros apercibimientos de sanciones disciplinarias". *In re Stacholy Ramos*, supra, pág. 860. Véase, además, *In re Rodríguez Quesada*, supra, pág. 969; *In re Pérez Román*, 191 DPR 186, 188 (2014); *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014).

III

El 27 de mayo de 2016, este Tribunal determinó que procedía el archivo de la queja que presentó el señor Rico Dávila contra el licenciado Mejías Montalvo. No obstante, ordenamos la devolución del expediente de declaratoria de herederos al señor Rico Dávila, que este último le había facilitado luego de haberlo contratado. A esos efectos, se le concedió al licenciado Mejías Montalvo un término de

veinte días para cumplir con nuestra orden. Según señalamos, éste hizo caso omiso a nuestro mandato.

A pesar de ello, posteriormente este Tribunal emitió dos Resoluciones —el 18 de octubre de 2016 y el 16 de diciembre de 2016— mediante las cuales se concedieron al licenciado Mejías Montalvo unos términos adicionales para cumplir con nuestra orden. No obstante, pasados más de siete meses desde que emitimos la Resolución de 27 de mayo de 2016, no hemos recibido respuesta alguna por parte del licenciado Mejías Montalvo. Ello, a pesar de que "los abogados están indefectiblemente obligados a cumplir toda orden emitida por un tribunal". *In re Torres Román*, 195 DPR 882, 890 (2016). Así, el licenciado Mejías Montalvo incumplió nuestra orden y, al no entregar al señor Rico Dávila el expediente solicitado, ha imposibilitado que su anterior cliente continúe su causa de acción.

Recuérdese que "[e]l ejercicio diligente, responsable y competente de la profesión de la abogacía figura como un supuesto fundamental en el quehacer de los profesionales del Derecho". *In re Montalvo Delgado*, supra, pág. 9. Ciertamente, el licenciado Mejías Montalvo demostró un craso incumplimiento con su deber para con este Tribunal y su anterior cliente, en consideración a los postulados del Canon 9 del Código de Ética Profesional.

## IV

Conforme a los hechos reseñados y los fundamentos de derecho previamente esbozados, *se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del Lcdo. Diego E. Mejías Montalvo. En caso de que éste se encuentre representando clientes ante nuestros tribunales, se le impone el deber de notificarles sobre su inhabilidad de continuar representándolos, devolverles los honorarios por trabajos no realizados e informar inmediatamente de sus respectivas suspensiones a cualquier foro judicial y*

*administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta días, contados a partir de la notifica-ción de esta Opinión "per curiam" y Sentencia.*

*Por otro lado, durante el mismo término, el licenciado Mejías Montalvo deberá devolver el expediente de declara-toria de herederos al señor Rico Dávila y certificar su cum-plimiento a este Tribunal. Se apercibe al licenciado Mejías Montalvo que, de incumplir con este mandato, será referido al Tribunal de Primera Instancia para la vista de desacato correspondiente.*

*Finalmente, el Director de la ODIN deberá presentar el informe respecto al estado de la obra notarial del licenciado Mejías Montalvo depositada en agosto de 2015 en los archi-vos de la ODIN. Notifíquese personalmente esta Opinión "per curiam" y Sentencia.*

*Se dictará sentencia de conformidad.*