*In re* CARMEN T. AGUDO LOUBRIEL.

*Número:* AB-2015-331          *Resuelto:* 28 de abril de 2017

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías; *Robert A. Nelson*, querellado; *Carmen Teresa Agudo Loubriel, pro se.*

PER CURIAM: La Lcda. Carmen T. Agudo Loubriel fue admitida al ejercicio de la abogacía el 29 de diciembre de 1976 y a la práctica de la notaría el 17 de enero de 1977. El 5 de agosto de 2016, el Lcdo. Manuel E. Ávila de Jesús, Director de la Oficina de Inspección de Notarías (ODIN), nos sometió un Informe relacionado con una queja presentada por el Sr. Robert A. Nelson (promovente) en contra de

1

la licenciada Agudo. En su Informe, la ODIN indicó que, a raíz de la queja, la abogada finalmente presentó ante el Registro de la Propiedad varias escrituras para las cuales fue contratada por el promovente, así como múltiples documentos necesarios para establecer el trámite registral de ciertas propiedades. Señaló, además, que la licenciada Agudo había acordado devolver al promovente la cantidad de $314 cobrados en exceso por el trabajo realizado. A base de lo anterior, la ODIN nos recomendó darle un término a la abogada para devolver la suma antes mencionada y, una vez ésta certificase el cumplimento con nuestra orden a dichos efectos, archiváramos la queja con una amonestación a la letrada por su conducta.

Conforme a lo anterior, el 23 de agosto de 2016 concedimos a la licenciada Agudo un término de 20 días para expresarse en torno al Informe de la ODIN. Igualmente le advertimos que, de no comparecer en el término provisto, se entendía que se allanaba a las recomendaciones formuladas en dicho Informe.

La licenciada Agudo no compareció según ordenado por lo que, mediante Resolución del 24 de febrero de 2017, le concedimos un término de 10 días para acreditar la devolución de los $314 so pena de sanciones. Por otra parte, le indicamos que, una vez confirmado el reembolso del dinero al promovente, se archivaría la presente queja.(¹) Nuevamente, la licenciada Agudo incumplió con nuestra orden.

Así las cosas, el 29 de marzo de 2017 concedimos a la letrada un término *final e improrrogable* de 10 días, contado a partir de la notificación de nuestra resolución, para mostrar causa por la cual no debía ser separada de la profesión por incumplir con las órdenes de este Tribunal.(²)

---

(¹) La resolución se le notificó personalmente a la Lcda. Carmen T. Agudo Loubriel (licenciada Agudo) el 6 de marzo de 2017, mediante un alguacil de este Tribunal.

(²) Nuestra orden se le notificó personalmente a la licenciada Agudo el 3 de abril de 2017 mediante un alguacil de este Tribunal.

Cumplido el plazo concedido sin recibir reacción alguna de parte de la licenciada Agudo, nos vemos obligados a ejercer nuestra facultad disciplinaria.

## I

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que la conducta de los abogados para con los tribunales debe caracterizarse por ser, ante todo, respetuosa. Esta exigencia comprende la obligación de todo letrado de cumplir pronta y diligentemente con las órdenes emitidas por los tribunales, en particular cuando estas se originan dentro del marco de un procedimiento disciplinario. *In re Candelario Lajara I*, 197 DPR 722 (2017).

Desatender los requerimientos del Tribunal vulnera los principios consagrados en el Canon 9, *supra*, y constituye una afrenta a la autoridad judicial. *In re López Castro*, 197 DPR 819 (2017); *In re Candelario Lajara I*, supra; *In re Rodríguez Gerena*, 197 DPR Ap. (2017); *In re Mejías Montalvo*, 197 DPR 439 (2017). Es por ello que la indiferencia a nuestras órdenes ha resultado consistentemente en la suspensión inmediata del ejercicio de la abogacía. *In re López Castro*, supra; *In re Candelario Lajara I*, supra; *In re Rodríguez Gerena*, supra; *In re Mejías Montalvo*, supra. De manera que un abogado que ignora nuestras advertencias, así como las oportunidades brindadas para mostrar causa y presentar sus excusas por el incumplimiento, amerita ser suspendido de la práctica legal. *In re Candelario Lajara I*, supra.

## II

En vista de la indiferencia mostrada por la licenciada Agudo a nuestras órdenes y ante la falta de justificación por su incumplimiento a pesar de las múltiples oportuni-

dades concedidas para hacerlo, *decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días, a partir de la notificación de esta opinión "per curiam" y sentencia.*

*Por otra parte, se le ordena al alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la señora Agudo y entregarlos al Director de la ODIN para el correspondiente examen e informe. Notifíquese personalmente esta opinión "per curiam" y sentencia a la señora Agudo a través de la Oficina del Alguacil de este Tribunal.*

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez no intervino.