*In re* LOURDES SANTIAGO RODRÍGUEZ.

*Número:* TS-17,571         *Resuelto:* 7 de marzo de 2016

754

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías.

PER CURIAM: Una vez más nos vemos precisados a suspender a una miembro de la profesión legal por desatender los requerimientos de este Tribunal, apartándose así de las normas éticas que rigen la práctica de la abogacía. De acuerdo con el marco fáctico que reseñamos a continuación, ordenamos la suspensión inmediata e indefinida de la Lcda. Lourdes Santiago Rodríguez del ejercicio de la abogacía y de la notaría.

I

La Lcda. Lourdes M. Santiago Rodríguez fue admitida al ejercicio de la abogacía el 2 de octubre de 2009 y al ejercicio de la notaría el 19 de enero de 2010. Los hechos que dan lugar a esta acción disciplinaria son los siguientes.

El 1 de septiembre de 2015 el Director de la Oficina de Inspección de Notarías (ODIN) presentó ante esta Curia un escrito titulado "Informe especial sobre incumplimiento de la Ley Notarial y su Reglamento", en el que nos informó que la licenciada Santiago Rodríguez incumplió con su obligación de remitir a la ODIN sus índices de actividad notarial y que se encontraba desprovista de una fianza. En el informe se hizo constar que la notaria no había respondido a las distintas notificaciones enviadas por la ODIN para que cumpliera con la Ley Notarial y su Reglamento.

*El 16 de noviembre de 2015* emitimos una Resolución ordenando la incautación preventiva e inmediata de la obra protocolar de la licenciada Santiago Rodríguez. Además, *le ordenamos que compareciera en un término de 10 días y mostrara causa por la cual no debía ser suspendida indefinidamente del ejercicio de la abogacía y de la notaría.* Esta orden *se notificó personalmente* a la licenciada el 24 de noviembre de 2015 a través de la Oficina de Alguaciles de este Tribunal. A pesar de la debida notificación, la letrada *no compareció en el término ordenado.*

Así las cosas, el 10 de diciembre de 2015 compareció

nuevamente el Director de la ODIN mediante un "Informe sobre estado de obra notarial incautada". En este se detalla que la obra notarial que fue incautada y entregada a los Alguaciles de este Tribunal no comprendía todos los instrumentos públicos que la notaria había autorizado. Esto surgió de los informes estadísticos que esta había presentado previamente. Ante ello, se nos solicitó que ordenásemos a la licenciada Santiago Rodríguez la entrega de todos los Protocolos que tuviera bajo su custodia, que registrara en su libro de Testimonios ciertos asientos omitidos y que cancelara ciertos aranceles correspondientes a la Sociedad para Asistencia Legal para subsanar unas deficiencias encontradas en la obra notarial. El Director de la ODIN compareció por tercera ocasión el 22 de diciembre de 2015, para notificar el incumplimiento de la letrada con la orden que habíamos emitido en noviembre de 2015.

## II

Todos los miembros de la profesión jurídica conocen que todo abogado y toda abogada tiene la ineludible obligación de observar rigurosamente los requerimientos de este Tribunal.[1] Como reseñamos recientemente, "[e]l desafío a la autoridad de este Tribunal constituye una patente infracción al Código de Ética Profesional que justifica nuestra intervención y el curso de acción disciplinaria [...]".[2] La propia naturaleza pública de la profesión de la abogacía impone al abogado y abogada el deber de responder oportunamente a todo requerimiento relacionado con las investigaciones disciplinarias.[3] Por ello, como funcionarios y funcionarias de este Tribunal, las personas profesionales del

---

[1] *In re Aponte Del Valle*, 189 DPR 245, 249 (2013); *In re Rivera Rosado*, 180 DPR 698, 701 (2011); *In re Morales Rodríguez*, 179 DPR 766, 768 (2010).

[2] *In re Rodríguez Zayas*, 194 DPR 337, 338 (2015).

[3] *In re Prieto Rivera*, 180 DPR 692, 697 (2011); *In re Morales Rodríguez*, supra, pág. 769; *In re García Incera*, 177 DPR 329, 331 (2009).

Derecho tienen un deber ineludible de respetar, acatar y responder diligentemente a nuestras órdenes.[4] Lo contrario constituye una afrenta a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX.[5] Por consiguiente, cuando un abogado o abogada no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión.[6]

Asimismo, sabemos que todo notario y toda notaria tienen la obligación de cumplir cabalmente con la Ley Notarial de Puerto Rico[7] y el Reglamento Notarial de Puerto Rico.[8] Tanta es la importancia de esto que hemos enfatizado que desacatar los requerimientos cursados por la ODIN equivale a ignorar las órdenes de este Tribunal.[9] Todo miembro de la abogacía debe actuar con extremo cuidado y debe desempeñarse con esmero, diligencia y estricto celo profesional.[10] Por lo tanto, el incumplimiento con estas fuentes de obligaciones y deberes los expone a la acción disciplinaria correspondiente.[11]

Según el Art. 12 de la Ley Notarial de Puerto Rico[12] y la Regla 12 de su Reglamento,[13] los notarios y las notarias tienen la obligación de rendir índices mensuales sobre sus actividades notariales no más tarde del décimo día calendario del mes siguiente al mes informado.

---

[4] *In re Rodríguez Zayas*, supra, pág. 341.

[5] Íd.; *In re Dávila Toro*, 193 DPR 159 (2015).

[6] *In re Feliciano Jiménez*, 176 DPR 234, 235 (2009); *In re Arzón Rivera*, 175 DPR 763, 765 (2009).

[7] 4 LPRA sec. 2001 *et seq.*

[8] 4 LPRA Ap. XXIV.

[9] *In re Rodríguez Zayas*, supra, pág. 342.

[10] *In re Martínez Sotomayor*, 189 DPR 492, 499 (2013).

[11] Íd.

[12] 4 LPRA sec. 2023.

[13] 4 LPRA Ap. XXIV.

Cabe destacar que deben remitir el índice mensual a ODIN aun cuando no hayan tenido actividad notarial durante ese mes. Al respecto hemos señalado lo siguiente:

> Reiteradamente hemos enfatizado que la omisión de rendir índices notariales es una falta grave a los deberes que le impone la investidura de la fe pública notarial al notario, y por ello tal conducta merece severas sanciones disciplinarias. Debemos puntualizar, además, que dejar de enviar los referidos índices dentro del término exigido por ley puede prestarse a actuaciones de naturaleza grave y contribuir a la desviación de la fe pública que reviste a los notarios.
>
> Evidentemente, el ejercicio del notariado exige un grado razonable de organización administrativa, supervisión, responsabilidad y consciencia pública. En armonía con lo anterior, en *In re Cruz Ramos*, 127 DPR 1005, 1007 (1991), expresamos que *el abogado que no puede cumplir cabalmente con las obligaciones que le impone la Ley Notarial de Puerto Rico y su reglamento debe, en el ejercicio de honestidad profesional, abstenerse de practicar el notariado.* (Énfasis en el original y escolios omitidos).[14]

█ Por otra parte, el Art. 48 de la Ley Notarial,[15] dispone la forma como los notarios y las notarias conservarán los Protocolos. A tales fines, son responsables de su integridad y se exponen a sanciones si se deterioran o pierden por su falta de diligencia.[16] El compromiso del notario y la notaria es a tal grado en torno al cuidado de los Protocolos, que el Art. 48 de la Ley Notarial de Puerto Rico, *supra*, les impone responsabilidad por el deterioro o la pérdida de estos. El notario y la notaria tienen la obligación de reponerlos o restaurarlos a sus expensas.[17] Claro está, el que las y los notarios cumplan con su deber no impide que este Tribunal les imponga unas sanciones o medidas disciplinarias adecuadas.[18]

---

[14] *In re Miranda Casasnovas*, 175 DPR 774, 778–779 (2009).

[15] 4 LPRA sec. 2072.

[16] *In re Rosenbaum*, 189 DPR 115, 119 (2013).

[17] Íd.

[18] Íd.

## III

En el caso de autos, la licenciada Santiago Rodríguez incumplió con su deber de responder oportunamente a los requerimientos de este Tribunal, a pesar de que nuestra orden se le notificó personalmente. Tampoco ha comparecido a excusar su falta de cumplimiento. Este cuadro fáctico se agrava ante las deficiencias de su Protocolo, que aún hoy no han sido corregidas o subsanadas y ante el hecho de que, luego de una orden al respecto, esta no haya entregado su obra notarial completa ni haya cumplido con los requerimientos que le hiciera previamente la ODIN en cuanto a sus índices notariales.

## IV

En vista de lo anterior, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría de la licenciada Santiago Rodríguez, *según se le había apercibido.* Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles los expedientes de casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados, e informar de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Por otro lado, tiene la obligación de subsanar las deficiencias señaladas en el Informe rendido por la ODIN. Debe acreditar y certificar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra protocolar de la señora Santiago Rodríguez que no pudo ser recuperada y la entregará al Director de la ODIN para la correspondiente investigación e informe.

*Se dictará Sentencia de conformidad.*