*In re* NOELMA COLÓN CORDOVÉS.

*Número:* TS-12,457 *Resuelto:* 16 de mayo de 2016

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías.

PER CURIAM: En atención al siguiente marco fáctico que revela una reiterada desatención a los requerimientos de la Oficina de Inspección de Notarías y de este Tribunal, así como por no mantener actualizada su información en el Registro Único de Abogados y Abogadas, suspendemos inmediata e indefinidamente a la Lcda. Noelma Colón Cordovés del ejercicio de la abogacía y de la notaría. Veamos.

I

El *16 de marzo de 2015* el Lcdo. Manuel E. Ávila de Jesús, Director de la Oficina de Inspección de Notarías (Director de la ODIN), presentó un Informe Especial sobre Incumplimiento de la Ley Notarial y su Reglamento, y en Solicitud de Remedios, relacionado con el incumplimiento de la Lcda. Noelma Colón Cordovés (licenciada Colón Cordovés) con algunos de sus deberes ministeriales en calidad de notaria.[1] Específicamente, el Director de la ODIN ex-

---

[1] La Lcda. Noelma Colón Cordovés fue admitida al ejercicio de la abogacía el 16 de julio de 1998 y prestó juramento como notaria el 4 de diciembre de ese mismo año.

puso que el *31 de octubre de 2014* le dirigió una carta por correo certificado con acuse de recibo a la abogada de epígrafe en la cual le informó que adeudaba un total de treinta y ocho índices de actividad notarial mensual, así como informes estadísticos de actividad notarial anual desde el 2004 hasta el 2013. En vista de lo anterior, se le concedió un término de diez días calendario a la licenciada Colón Cordovés para que rindiera todos los documentos adeudados a la ODIN y expresara las razones de su reiterada inobservancia. Además, se le apercibió sobre la gravedad de su conducta, así como de las consecuencias disciplinarias que podría acarrear tal incumplimiento. La notificación aludida se le remitió a la *dirección de notificaciones* que aparecía en el Registro Único de Abogados y Abogadas (RUA).

Ante la devolución de la primera carta dirigida a la letrada por el Servicio Postal de Estados Unidos (USPS, por sus siglas en inglés), el *16 de enero de 2015* se le envió una segunda notificación vía correo certificado y vía correo ordinario.([2]) En esta oportunidad, el Director de la ODIN le concedió hasta el *viernes, 6 de febrero de 2015* para verificar su cumplimiento con los requerimientos de esa dependencia. Once días más tarde, el *27 de enero de 2015*, la segunda carta remitida a la licenciada Colón Cordovés fue igualmente devuelta.([3])

En otras gestiones, el Director de la ODIN le envío una tercera comunicación el *11 de febrero de 2015* por correo ordinario a la *dirección postal personal* que consta en RUA. Esta carta, a diferencia de las anteriores, no fue devuelta. Asimismo, el *5 de marzo de 2015* se llamó al número de teléfono que surge de RUA, pero la persona que contestó

---

([2]) El Servicio Postal de Estados Unidos (USPS, por sus siglas en inglés) devolvió la referida carta por la siguiente razón: *Undeliverable as Addressed—Addressee Unknown*. Cabe señalar que del expediente personal de la letrada surgen otras notificaciones devueltas por el USPS desde el 2009, ya sea por dirección insuficiente (*Insufficient Address*) o por destinatario desconocido (*Addressee Unknown, Return to Sender*).

([3]) En esta ocasión el USPS consignó que el motivo de la devolución fue *Attempted —Not Known, Unable to Forward*.

expresó que no era la licenciada Colón Cordovés y que ese número le pertenecía a ella y no a la letrada.

Examinado el referido Informe presentado por el Director de la ODIN, el *29 de mayo de 2015* emitimos una Resolución mediante la cual le otorgamos a la abogada un término de quince días para que mostrara causa por la cual no debía ser suspendida indefinidamente del ejercicio de la abogacía y de la notaría ni multada al amparo del Art. 62 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2102. Además, se le concedió un término de cinco días para que cumpliera con sus deberes ministeriales y presentara tanto los índices notariales mensuales como los informes notariales anuales adeudados, actualizara su información en RUA y sometiera evidencia acreditativa del pago de su Fianza Notarial desde el 2011 hasta el 2015. Esta Resolución se le *notificó personalmente* a través de la Oficina del Alguacil de este Tribunal el *15 de junio de 2015*.[4]

Ante la inercia de la licenciada Colón Cordovés, el *28 de julio de 2015* el Director de la ODIN presentó una Moción Notificando Incumplimiento de Orden. En su escrito nos informó que habían vencido todos los términos que se le concedieron a la abogada sin que ésta tomara acción alguna para cumplir con nuestros requerimientos. Por tal razón, solicitó que tomáramos conocimiento de la conducta desplegada por la licenciada Colón Cordovés y que emitiéramos cualquier pronunciamiento procedente en Derecho.

## II

A. *Conducta del abogado ante los tribunales y ante las entidades judiciales*

■ Los abogados admitidos a la práctica de la profesión, por ser funcionarios de este Tribunal, están llamados

---

[4] Surge del diligenciamiento de esta Resolución que la abogada de epígrafe supuestamente llevaba varios años sin ejercer la profesión legal.

a respetar, obedecer y responder diligentemente nuestras órdenes. *In re Santaliz Martell*, 194 DPR 911 (2016); *In re Santiago Rodríguez*, 194 DPR 753 (2016); *In re Rodríguez Zayas*, 194 DPR 337 (2015). Así pues, el Canon 9 del Código de Ética Profesional formula esta obligación y dispone, en lo que nos concierne, que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. Consecuente con lo anterior, procede suspender inmediata e indefinidamente de la práctica de la abogacía en nuestra jurisdicción a cualquier miembro de la profesión legal que opta por ignorar nuestras órdenes y muestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias. *In re Santiago Rodríguez*, supra; *In re López Santos et al.*, 194 DPR 960 (2016).

"Idéntica consecuencia supone el incumplir con los requerimientos de entidades a las cuales le hemos delegado alguna función en la tarea de regular el ejercicio de la profesión, como lo son la Oficina de la Procuradora General, la Oficina de Inspección de Notarías y la Junta del P[rograma de] E[ducación] J[urídica] C[ontinua]". *In re Ezratty Samo et al.*, 2016 TSPR 19, págs. 8–9, 194 DPR Ap. (2016).[5] Véanse, además: *In re Bello Rivera*, 192 DPR 812 (2015); *In re Ponce Ponce*, 190 DPR 504 (2014). Menospreciar los requerimientos de cualquiera de estas entidades públicas posee el mismo efecto disruptivo en nuestra función reguladora de la profesión que cuando se ignora una orden emitida directamente por este Tribunal. *In re Rodríguez Zayas*, supra; *In re Maldonado Nieves*, 192 DPR 973 (2015); *In re Ponce Ponce*, supra.

---

[5] Los notarios tienen la obligación de dar fiel cumplimiento a las disposiciones de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq.*, y a su Reglamento, 4 LPRA Ap. XXIV. Además, éstos tienen que desempeñar su ministerio con sumo cuidado, esmero, diligencia y estricto celo profesional. *In re Santaliz Martell*, 194 DPR 911 (2016); *In re Santiago Rodríguez*, 194 DPR 753 (2016). Como consecuencia, el incumplir con estos deberes y obligaciones los sujeta a la facultad disciplinaria de este Tribunal. *In re Santaliz Martell*, supra; *In re Santiago Rodríguez*, supra.

B. *Actualización de la información en RUA*

 En conformidad con la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B (Regla 9(j)), todo abogado autorizado a postular en nuestro Foro posee la obligación de mantener actualizada su información personal en la base de datos de RUA. Dicha información incluye la dirección postal personal y de su oficina, la dirección seleccionada para recibir las notificaciones, su dirección electrónica y sus números de teléfono. Véanse: *In re Álvarez Westwood et al.*, 194 DPR 960 (2016); *In re López Santos et al.*, supra; *In re Nieves Vázquez et al.*, 194 DPR 960 (2016); *In re Ezratty Samo et al.*, supra. El cumplimiento cabal con la Regla 9(j) permite que los miembros de la clase togada atiendan con prontitud las comunicaciones que se le remitan. *In re Nieves Vázquez et al.*, supra. "Lo anterior garantiza que podamos ejercer eficazmente nuestra facultad de velar [por que] la clase togada cumpla con sus obligaciones ético-profesionales". *In re Ezratty Samo et al.*, supra, pág. 9. Fallar en el cumplimiento de esta disposición reglamentaria obstaculiza nuestra jurisdicción disciplinaria y, por lo tanto, representa un fundamento suficiente para decretar la separación inmediata e indefinida del ejercicio de la abogacía. *In re Álvarez Westwood et al.*, supra.

### III

El Director de la ODIN intentó, a través de diversas gestiones, comunicarle a la licenciada Colón Cordovés sobre su incumplimiento con los deberes legales impuestos tanto por la Ley Notarial de Puerto Rico como por su Reglamento. Sin embargo, éstas resultaron infructuosas. Habida cuenta que la letrada no actualizó su dirección postal en la base de datos de RUA, las notificaciones fueron devueltas por el USPS. Lo anterior motivó que intervinié-

ramos para concederle un término con el propósito de que cumpliera con los requerimientos de la ODIN y con la Regla 9(j) de nuestro Reglamento. Al presente, la licenciada Colón Cordovés, quien estaba apercibida de las consecuencias que podría acarrear su desatención a las órdenes de este Tribunal, no ha comparecido.

Es pertinente destacar que, en este caso, la abogada expresó al alguacil que diligenció la Resolución de 29 de mayo de 2015 que presuntamente llevaba años sin ejercer la profesión. Si esa era la circunstancia particular de la letrada, bien pudo haber solicitado el cambio de estatus a abogada inactiva en RUA, en conformidad con nuestra Resolución de 30 de septiembre de 2011, ER-2011-04, *In re R. 4 Prog. Educ. Jur. Cont.*, 183 DPR 48 (2011). En su lugar, optó por desatenderse e ignorar los deberes que impone la profesión legal en nuestra jurisdicción.

## IV

En vista del craso incumplimiento de la Lcda. Noelma Colón Cordovés con los requerimientos de la ODIN, con la Resolución de este Tribunal, así como con la obligación que dimana de la Regla 9(j) de nuestro Reglamento, *decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría a partir de su notificación.*

*Por tal razón, le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos. Asimismo, se le ordena que devuelva a sus clientes tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Se le impone, además, la obligación de informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

*El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la Lcda. Noelma Colón Cordovés y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. Notifíquese personalmente esta Opinión "per curiam" y Sentencia a la Lcda. Noelma Colón Cordovés a través de la Oficina del Alguacil de este Tribunal.*

*Se dictará Sentencia de conformidad.*