*In re* YOLANDA M. STACHOLY RAMOS, querellada.

*Número:* AB-2014-0230　　*Resuelto:* 24 de junio de 2016

*Martín Santiago Rodríguez,* querellante; *Yolanda M. Stacholy Ramos, pro se.*

PER CURIAM: En esta ocasión nos vemos obligados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal ante su reiterado incumplimiento con las órdenes y los requerimientos de este Tribunal.

I

La Lcda. Yolanda M. Stacholy Ramos fue admitida al ejercicio de la abogacía el 26 de junio de 1996 y al del notariado el 25 de enero de 2001. El 2 de julio de 2014 se

presentó una queja juramentada contra la licenciada Stacholy Ramos por presuntamente haber desatendido los asuntos confiados a su pericia profesional. El Sr. Martín Santiago Rodríguez presentó la queja y alegó, entre otros asuntos, que la falta de diligencia de la abogada provocó que el Tribunal de Primera Instancia desestimara su demanda.

Recibida la queja, la entonces Secretaria de este Tribunal, Hon. Aida I. Oquendo Graulau, envió una comunicación a la abogada el 29 de julio de 2014 informándole sobre la queja presentada en su contra y solicitándole que presentara su contestación dentro del término de diez días, según lo ordena la Regla 14(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. La comunicación se envió a la dirección de la licenciada que consta en el Registro Único de Abogados y Abogadas (RUA). Sin embargo, el servicio postal de Estados Unidos devolvió esta comunicación. Ante esta situación, la exsubsecretaria de este Tribunal, Lcda. Camelia Montilla Alvarado, envió una segunda misiva el 29 de agosto de 2014 en la que requirió a la licenciada Stacholy Ramos que contestara la queja en su contra dentro del término de diez días. Esta segunda misiva, enviada a la misma dirección postal que la primera, también fue devuelta por el correo.

Así las cosas, y ante la incomparecencia de la licenciada, el 9 de julio de 2015 emitimos una Resolución en la que le concedimos un término final de cinco días, a partir de su notificación, para que contestara la queja presentada en su contra. En la Resolución, apercibimos a la licenciada Stacholy Ramos que un nuevo incumplimiento de su parte podría acarrear sanciones severas, incluida la suspensión indefinida de la práctica de la abogacía y la notaría. La resolución se notificó a la dirección informada en RUA y personalmente.

El 15 de julio de 2015, la licenciada Stacholy Ramos compareció a este Tribunal mediante una carta. En su escrito, señaló que nuestra Resolución se le había entregado

a la mano ese día, en la cual figuraba el nombre de otro miembro de la profesión legal.([1]) Atendido su señalamiento, el 23 de julio de 2015 notificamos una enmienda *nunc pro tunc*, en la que eliminamos los errores de nuestra Resolución anterior. Una vez recibida nuestra Resolución enmendada, la abogada compareció nuevamente mediante carta de 7 de agosto de 2015 y solicitó un término adicional de diez días para presentar su contestación. El 10 de agosto de 2015, la entonces Secretaria de este Tribunal concedió a la licenciada la prórroga solicitada. Sin embargo, al día de hoy no ha comparecido ante este Tribunal para presentar la contestación a la queja presentada en su contra.

## II

Cuando un miembro de la profesión legal en Puerto Rico asume una actitud irrespetuosa hacia los tribunales, nos encontramos ante una violación a nuestro Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Según dicha norma, "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Íd. Hemos establecido que las abogadas y los abogados admitidos a la práctica de la profesión, por ser funcionarios y funcionarias de este Tribunal, están llamados a respetar, obedecer y responder diligentemente nuestras órdenes. *In re Colón Cordovés*, 195 DPR 543 (2016); *In re Santiago Rodríguez*, 194 DPR 753 (2016). De esta manera, hemos dicho reiteradamente que procede la suspensión inmediata de un miembro de la profesión legal cuando desatiende nuestras órdenes y se muestra indiferente a nuestros apercibimientos de sanciones disciplinarias. *In re Santaliz Martell*, 194 DPR 911, 914 (2016); *In re García Incera*, 177 DPR 329, 331

---

([1]) En su misiva aparece como dirección de contacto la misma dirección que la licenciada Stacholy Ramos tiene acreditada en Registro Único de Abogados y Abogadas (RUA) y a la cual se le enviaron las primeras dos comunicaciones de este Tribunal.

(2009). No cabe duda que dicha conducta constituye un serio agravio a la autoridad de este Foro y es contraria a lo requerido por el Canon 9 del Código de Ética Profesional, *supra*. *In re García Incera*, supra, pág. 331. Además, hemos expresado que incumplir con nuestros requerimientos constituye una falta independiente a los méritos de la queja presentada contra el abogado o abogada. Íd.

Revisado el marco legal aplicable al caso ante nuestra consideración, pasamos a resolver de conformidad.

## III

Surge de los hechos que hemos recogido en esta Opinión *per curiam* que la licenciada Stacholy Ramos no ha comparecido ante este Tribunal para contestar la queja presentada en su contra, a pesar de que se le han concedido múltiples prórrogas y oportunidades para comparecer y cumplir con lo ordenado por nuestro Reglamento. No podemos atribuir la incomparecencia de la abogada a que no ha recibido nuestras comunicaciones. Del expediente surge que ésta tenía conocimiento de nuestra orden final emitida el 23 de julio de 2015 puesto que reaccionó a ella mediante carta para solicitar un término adicional. En las dos misivas que envió la licenciada Stacholy Ramos consta la dirección del apartado postal que ésta tiene registrado en RUA. Como ya hemos establecido, de no ser ésta la dirección actual en la que la licenciada Stacholy Ramos recibe las notificaciones, es su obligación, así como la de todo miembro activo en la profesión legal en Puerto Rico, mantener actualizada su información de contacto en el registro de este Tribunal. Véase Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. *In re Colón Cordovés*, supra; *In re Toro Soto*, 181 DPR 654 (2011). Podemos colegir de estos hechos que la licenciada ha hecho caso omiso a nuestros requerimientos, aun bajo apercibimiento de sanciones severas, como la suspensión al ejercicio de la profesión. Esta conducta, que de-

nota una falta de diligencia y respeto hacia este Foro y su facultad disciplinaria, no debe ser tolerada.

Atendidos los hechos antes reseñados, *se decreta la suspensión inmediata e indefinida de la licenciada Stacholy Ramos del ejercicio de la abogacía y la notaría. Decretada su suspensión, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados, así como informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga asuntos o causas de acción pendientes. De la misma manera, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

*El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la licenciada Stacholy Ramos y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Foro. Notifíquese personalmente a la licenciada Stacholy Ramos esta Opinión "per curiam" y Sentencia.*

*Se dictará sentencia de conformidad.*