*In re* JOEL E. REYES MARTÍNEZ, querellado.

*Número:* AB-2011-138          *Resuelto:* 29 de junio de 2016

*Karla Z. Pacheco Álvarez*, subprocuradora general, y *Yaiza-marie Lugo Fontánez*, procuradora general auxiliar; *Morgan Paz Cruz*, quejoso; *Carlos G. Salgado Schwarz*, abogado del querellado; *Joel E. Reyes Martínez, pro se.*

PER CURIAM: Es doctrina firmemente establecida que este Tribunal no vacilará en disciplinar a los miembros de la profesión jurídica que incumplan con nuestras órdenes y requerimientos. A pesar de ello, nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria contra un abogado por su incumplimiento con las obligaciones ante este Tribunal.

# I

El Lcdo. Joel E. Reyes Martínez (licenciado Reyes Martínez) fue admitido al ejercicio de la abogacía el 18 de agosto de 2009. El 13 de mayo de 2011 el Sr. Morgan Paz Cruz (señor Paz Cruz) presentó una queja contra el licenciado Reyes Martínez. Sostuvo que contrató los servicios del abogado por $2,500 para que lo representara en un caso de violencia doméstica. Señaló que adelantó $500 de la suma acordada. Asimismo indicó que, luego de cobrar ese dinero, el letrado no compareció a los procedimientos pautados, que no realizó las gestiones encomendadas y que le indicó que no tenía tiempo para atender su caso, ya que tenía otros asuntos más importantes. El señor Paz Cruz alegó que hizo un plan de pago que no pudo cumplir por falta de trabajo y que por ello el licenciado Reyes Martínez le manifestó que no le interesaba continuar como su representante legal.

El licenciado Reyes Martínez solicitó una prórroga para contestar la queja presentada. Transcurrido el término provisto, se le concedió un término adicional. Tampoco cumplió con el referido término. Así las cosas, emitimos la Resolución de 10 de enero de 2013, en la que le concedimos un término final y le advertimos que su incumplimiento podía conllevar sanciones disciplinarias severas, incluyendo la suspensión de la profesión.

Finalmente, el letrado contestó la queja presentada. Aceptó que fue contratado por el señor Paz Cruz y que recibió un abono de $500 por sus servicios. Indicó que en varias ocasiones intentó comunicarse con su representado sin éxito. Además, expresó que en ningún momento se negó a representarlo por el incumplimiento con el acuerdo de pago y que tampoco desatendió sus obligaciones.

Posteriormente, el 16 de junio de 2014, la Oficina de la Procuradora General (Procuradora General) presentó el

Informe de la Procuradora General.[1] De éste se desprende que el licenciado Reyes Martínez no compareció a dos citaciones de vista preliminar de su representado.[2] Empero, éste alegó que informó al tribunal y que la razón para la incomparecencia se debió a un conflicto de calendario. La Procuradora General señala que del expediente criminal no surge gestión alguna de parte del letrado a favor de su cliente que no fuera la cancelación de las dos vistas preliminares y una solicitud de renuncia de representación legal, por lo que éste estaba obligado a devolver el dinero adelantado de inmediato. A su vez, destaca que el licenciado Reyes Martínez está en la mejor disposición de devolver la cantidad que le fue adelantada, aunque no reconoce que cometió las faltas éticas. Ante ello, la Procuradora General recomendó el archivo de la queja una vez el abogado acredite que devolvió el dinero recibido del señor Paz Cruz.

Considerando lo expuesto, este Tribunal emitió la Resolución de 25 de septiembre de 2014, en la que ordenó al licenciado Reyes Martínez que le devolviera al señor Paz Cruz la suma de $500 recibidos como adelanto en el término de treinta días y que, a su vez, acreditara el cumplimiento con lo ordenado. Asimismo, dispusimos el archivo del asunto condicionado a la devolución de la cantidad referida.

A pesar de que en la Resolución emitida le apercibimos de su deber de cumplir con diligencia nuestras órdenes, el 4 de junio de 2015 la Procuradora General compareció mediante una Moción Informativa y en Solicitud de Remedio, en la cual nos informó que el licenciado Reyes Martínez no había cumplido con lo ordenado. En consecuencia, emitimos una Resolución el 26 de junio de 2015 en la que le concedimos al letrado un término para que mostrara causa

---

[1] El retraso en someter el informe se debió a que el licenciado no contestó a tiempo una serie de requerimientos que hizo la Oficina de la Procuradora General.

[2] El caso criminal culminó con una alegación de culpabilidad y se reclasificó el delito a uno menos grave. En ese momento, el quejoso fue representado por la Lcda. Marta Aponte Rabassa, de la Sociedad para Asistencia Legal.

por la cual no debíamos suspenderlo de la abogacía por haber incumplido con nuestra orden del 25 de septiembre de 2014. Le apercibimos nuevamente que su incumplimiento conllevaría una sanción disciplinaria severa que podría consistir en la suspensión del ejercicio de la abogacía.

El licenciado Reyes Martínez presentó el 5 de agosto de 2015 una Moción Informativa y en Cumplimiento de Orden, en la que expuso que hizo múltiples gestiones para encontrar al señor Paz Cruz, pero que éstas fueron infructuosas. De igual forma, nos expuso que supo que el señor Paz Cruz se encuentra recluido en prisión. Ante tal realidad, señaló que estaba en la disposición de consignar el dinero a este Tribunal.

Acorde con lo informado, emitimos la Resolución de 13 de mayo de 2016, notificada personalmente el 17 de mayo de 2016, ordenando al licenciado Reyes Martínez que consignara a este Tribunal, en el término de 30 días, $500 a favor del Secretario del Tribunal, mediante giro postal o cheque de gerente. Advertimos que el beneficiario de esos fondos lo sería el señor Paz Cruz. Asimismo, le ordenamos que continuara realizando gestiones para localizarlo y que nos mantuviese informados. Empero, el licenciado Reyes Martínez no ha cumplido con lo dispuesto.

II

■ El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que todo abogado observe una conducta de respeto y diligencia hacia los tribunales. Todo letrado está obligado a responder diligente y oportunamente a los requerimientos y órdenes de este Tribunal, particularmente aquellos relacionados con los procedimientos disciplinarios sobre su conducta profesional. *In re Colón Cordovés,* 195 DPR 543 (2016); *In re Santiago Rodríguez,* 194 DPR 753 (2016); *In re Fidalgo Córdova,* 183 DPR 217, 222

(2011); *In re Fontán la Fontaine*, 182 DPR 931, 935 (2011); *In re García Incera*, 177 DPR 329 (2009).

■ Cuando un miembro de la profesión legal incumple con nuestras órdenes y demuestra indiferencia a nuestros apercibimientos sobre sanciones disciplinarias, incurre en una conducta suficiente para su suspensión inmediata. *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1, 3–4 (2011); *In re Tió Fernández*, 178 DPR 681, 683 (2010); *In re López de Victoria Brás*, 177 DPR 888, 891 (2010). Es norma reiterada que constituye un serio agravio a la autoridad de los tribunales desatender las órdenes de este Tribunal y que tal conducta infringe el Canon 9. *In re Fidalgo Córdova*, supra; *In re Fontánez Fontánez*, 181 DPR 407, 416 (2011); *In re García Incera*, supra.

Conforme a la norma jurídica enunciada, procedemos a atender el asunto ante nuestra consideración.

## III

Según los hechos relatados, el licenciado Reyes Martínez no ha consignado la suma de $500 ante este Tribunal según se le requirió mediante la Resolución de 13 de mayo de 2016; mucho menos ha notificado cualesquiera gestiones que haya realizado para localizar al señor Paz Cruz. Esto es en clara contravención al mandato de este Tribunal. Con tal displicencia, el letrado simplemente ignoró nuestros apercibimientos de que su incumplimiento podría conllevar su suspensión de la abogacía.

La conducta desplegada denota que el letrado atendió livianamente nuestros requerimientos. Con su proceder, se constituyó una afrenta a este Tribunal que requiere que ejerzamos nuestro poder inherente de regular la profesión y lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía.

## IV

A tenor con lo expuesto, *suspendemos inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Joel E. Reyes Martínez. Se le impone, por consiguiente, al señor Reyes Martínez el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días, contados a partir de la notificación de la presente Opinión "per curiam" y Sentencia.*

*Notifíquese personalmente esta Opinión "per curiam" y Sentencia al Sr. Joel E. Reyes Martínez a través de la Oficina del Alguacil de este Tribunal.*

*Se dictará Sentencia de conformidad.*