*In re* AMADOR D'ALZINA NIN, querellado.

*Número:* AB-2013-278          *Resuelto:* 30 de junio de 2016

*Margarita Mercado Echegaray*, procuradora general, y *Minnie H. Rodríguez López*, procuradora general auxiliar, en informe.

PER CURIAM: Nuevamente, nos vemos obligados a separar a un profesional del Derecho del ejercicio de la profesión de la abogacía y la notaría, debido a su incumplimiento con las órdenes de este Tribunal durante el transcurso de un procedimiento disciplinario en su contra.

I

El Lcdo. Amador D'Alzina Nin fue admitido al ejercicio de la profesión de la abogacía el 31 de octubre de 1977 y al de la notaría el 24 de noviembre de 1982.

El 26 de junio de 2013, la Sra. Natalia Sierra presentó una queja en contra del licenciado D'Alzina Nin ante este Tribunal. La señora Sierra arguyó que contrató al licenciado D'Alzina Nin para que la representara en el trámite de ciertas gestiones ante la Oficina del Servicio de Ciudadanía e Inmigración de los Estados Unidos (USCIS, por sus siglas en inglés). Como parte de ello, le delegó al licenciado D'Alzina Nin la responsabilidad de enviar 2 formularios a la USCIS. Por estos servicios, la señora Sierra le pagó $800 por honorarios de abogado. A pesar de lo anterior, la señora Sierra alegó que los documentos a enviarse nunca se presentaron ante la USCIS. Por lo tanto, solicitó que ordenáramos al licenciado D'Alzina Nin que le devolviera una cuantía ascendente a $1,620.

El 22 de julio de 2013 este Tribunal le notificó al licenciado D'Alzina Nin la presentación de la queja en cuestión y le concedió un término para que compareciera y reaccionara a la queja. Eventualmente, el 31 de agosto de 2013 éste compareció e informó que no había reaccionado a la queja, en parte, porque se encontraba en recuperación de una intervención quirúrgica que se le efectuó con anterioridad a la presentación de la queja.

En síntesis, el licenciado D'Alzina Nin alegó que, en efecto, realizó el envío de la documentación correspondiente a la USCIS vía correo regular. En reacción, la señora Sierra compareció, nuevamente, y planteó que, pasados varios meses desde el alegado envío, llamó a la USCIS y le informaron que la referida documentación no le fue presentada. Por ello, decidió realizar una petición de rembolso ante el Servicio Postal de los Estados Unidos (USPS, por sus siglas en inglés) de 2 giros postales por $420 cada uno. Puntualizó, además, que el USPS le informó que no se realizó gestión de cobro alguna respecto a estos giros.

El 4 de noviembre de 2013 le referimos este asunto a la Oficina de la Procuradora General para la correspondiente investigación e informe, conforme lo establecido en la Regla 14(d) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.

Posteriormente, el 7 de enero de 2014, la Oficina de la Procuradora General presentó su informe. En resumen, concluyó que el licenciado D'Alzina Nin no realizó efectivamente el trámite para el cual fue contratado. Por ello, recomendó la devolución inmediata de los $800 que le pagó la señora Sierra por honorarios. Por último, sugirió que, una vez realizado el pago, se archivara la queja correspondiente.

El 13 de marzo de 2014 le concedimos un término de 20 días al licenciado D'Alzina Nin para que se expresara en torno al informe. Además, se le apercibió que, de no comparecer, se entendería que se allanaba a las recomendaciones formuladas en éste. A pesar de ello, el licenciado D'Alzina Nin no compareció. Así las cosas, el 26 de junio de 2015 le concedimos un periodo adicional de 15 días para cumplir con nuestra orden previa. Al día de hoy, éste no ha comparecido.

Examinado lo anterior, corresponde repasar, si bien someramente, los fundamentos jurídicos aplicables a este caso.

## II

Los profesionales del Derecho tienen un rol esencial en el funcionamiento efectivo de los procesos judiciales, que supone un deber "de contribuir para salvaguardar la integridad y eficacia de nuestro ordenamiento jurídico". *In re Vázquez González*, 194 DPR 688, 695 (2016).

En innumerables ocasiones hemos dispuesto que todos los profesionales del Derecho tienen la obligación de obedecer y respetar las órdenes de los tribunales. Véase *In re Colón Cordovés*, 195 DPR 543 (2016). Asimismo, éstos tienen que responder a dichos señalamientos de manera oportuna y rigurosa. Véase *In re Hance Flores*, 193 DPR 767 (2015). El incumplimiento con este deber, sin duda alguna, mina la confianza que deposita el pueblo en el sistema de justicia, por lo que acarrea sanciones disciplinarias. Véanse:

*In re Lebrón Arroyo*, 194 DPR 932 (2016); *In re Irizarry Rodríguez*, 193 DPR 633 (2015).

■ A esos efectos, el Canon 9 del Código de Ética Profesional establece que los abogados deben observar para con los tribunales "una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. Cabe destacar que, en el contexto de una acción disciplinaria, dicha obligación cobra mayor preminencia. Véanse: *In re Rodríguez Zayas*, 194 DPR 337 (2015); *In re Ezratty Samo et al.*, 194 DPR Ap. (2016). De igual forma, es preciso recordar que "el deber de cumplir con nuestras órdenes en los procedimientos disciplinarios es independiente de los méritos de la queja presentada". *In re Pestaña Segovia*, 192 DPR 485, 493 (2015).

En fin, "[e]l proceder apático e indiferente respecto a nuestros pronunciamientos, constituye un ultraje a la autoridad de este Tribunal y a nuestro poder inherente de regular el ejercicio de la profesión legal". *In re Nieves Vázquez et al.*, 2016 TSPR 22, pág. 14, 194 DPR 960 (2016). Véanse, además: *In re Dávila Toro*, 193 DPR 159 (2015); *In re Burgos González*, 192 DPR 769 (2015). Por lo tanto, reiteradamente hemos optado por sancionar el referido incumplimiento con la suspensión inmediata e indefinida del ejercicio de la abogacía. Véanse: *In re Colón Cordovés*, supra; *In re Ward Llambías*, 2016 TSPR 83, 195 DPR Ap. (2016).

### III

Según narramos, la Oficina de la Procuradora General recomendó un proceder disciplinario comedido. Sugirió ordenarle al licenciado D'Alzina Nin la devolución de los honorarios de abogado cobrados por servicios no realizados y el correspondiente archivo de la queja, sujeto al cumplimiento con lo primero. A esos efectos, le concedimos 2 oportunidades al licenciado D'Alzina Nin para que se expresara

en torno a estas recomendaciones. Asimismo, lo apercibimos de las consecuencias de incumplir con dicha orden. No obstante, el licenciado optó por la inacción y la desidia. Puntualizamos que, aunque sólo le concedimos al licenciado D'Alzina Nin una prórroga de 25 días para comparecer, al día de hoy han transcurrido más de 2 años sin respuesta alguna. Ello, sin lugar a dudas, constituye una ofensa al deber consagrado en el Canon 9 del Código de Ética Profesional. Así, pues, dicha conducta amerita, de suyo, la imposición de una sanción disciplinaria.

## IV

Por los fundamentos que anteceden, *se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado D'Alzina Nin. En caso de que éste se encuentre representando clientes ante nuestros tribunales, se le impone el deber de notificarles sobre su inhabilidad de continuar representándolos, devolverles los honorarios por trabajos no realizados e informar inmediatamente sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tenga casos pendientes. Asimismo, se le ordena devolver, dentro de un término improrrogable de 30 días, los $800 que le pagó la señora Sierra por honorarios. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de 30 días contados a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

Finalmente, *la Oficina del Alguacil de este Tribunal deberá incautar, de inmediato, la obra protocolar del licenciado D'Alzina Nin y entregarla al Director de la Oficina de Inspección de Notarías para el trámite correspondiente. Notifíquese personalmente esta Opinión "per curiam" y Sentencia.*

*Se dictará sentencia de conformidad.*

La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado Señor Rivera García no intervinieron.