EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                      | 2018 TSPR 131   |
|-----------------------------|-----------------|
| Felix Daniel Torres Rosario | 200 DPR ____    |

Número del Caso:  TS-2,745

Fecha: 29 de junio de 2018

Abogado de la parte promovida:

        Por derecho propio

Programa de Educación Jurídica Continua:

        Lcdo. José Ignacio Campos Pérez
        Director

Materia:  La suspensión será efectiva el 23 de julio de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:                                         Conducta

Félix Daniel Torres Rosario      TS-2,745      Profesional

**PER CURIAM**

En San Juan, Puerto Rico, a 29 de junio de 2018.

Por los antecedentes fácticos que esbozamos a continuación, nos vemos precisados a ejercer nuestra facultad disciplinaria contra un abogado por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y con las órdenes de este Tribunal. En consecuencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Félix Daniel Torres Rosario.

**I**

El Lcdo. Félix Daniel Torres Rosario (licenciado Torres Rosario) fue admitido al ejercicio de la abogacía el 26 de noviembre de 1965

y prestó juramento como notario el 22 de abril de 1966.[1]

Según surge del expediente personal del letrado, el 22 de octubre de 2012, el PEJC envió al licenciado Torres Rosario un *Aviso de Incumplimiento* en el que informó que tenía incumplidos los créditos requeridos por el *Reglamento del Programa de Educación Jurídica Continua,* según enmendado, 4 LPRA Ap. XVII-E, para el periodo del 1 de septiembre de 2010 al 31 de agosto de 2012. En esa comunicación le otorgó, entre otras alternativas, un término de sesenta días adicionales para tomar los cursos necesarios y pagar la multa por cumplimiento tardío, a tenor con la Regla 30 (E) del Reglamento del PEJC.

Transcurrido un término prudente para el cumplimiento, el PEJC citó al licenciado a una vista informal ante un Oficial Examinador a celebrarse el 31 de octubre de 2014 para que pudiera exponer las razones que justificaban su incumplimiento. El licenciado Torres Rosario no compareció a la vista informal señalada por lo que, el Lcdo. Ángel M. Cintrón García, Oficial Examinador, preparó un informe.

No obstante, el licenciado Torres Rosario incumplió con su obligación de subsanar la insuficiencia de créditos y el pago de la multa por cumplimiento tardío correspondiente. Así las cosas, el 19 de abril de 2017 el Director del PEJC recomendó a la Junta rendir un informe al Tribunal Supremo.

---

[1] Surge del expediente que el letrado cesó su práctica de notaría el 3 de febrero de 1970 al ser nombrado Fiscal. Fue readmitido el 31 de mayo de 1988, no obstante solicitó cesación de la notaría en una segunda ocasión por haber sido nombrado Fiscal Auxiliar II.

La Junta acogió la recomendación y encomendó emitir el informe correspondiente.

El 23 de junio de 2017 el Director del PEJC presentó un *Informe sobre incumplimiento con [el] requisito de Educación Jurídica Continua* refiriendo el asunto a nuestra atención. En este detalló que el licenciado Torres Rosario incumplió con los requisitos reglamentarios referentes a los períodos del 1 de septiembre de 2010 al 31 de agosto de 2012. Ello, a pesar de que, entre otras cosas, se le concedió una prórroga para que presentara evidencia de los trámites realizados para solicitar el cambio de estatus de abogado inactivo ante este Tribunal y para que pagara las multas por cumplimiento tardío.

Surge del mismo informe que el abogado tampoco ha efectuado el pago de la multa por incumplimiento tardío correspondiente a este periodo ni ha cumplido con los periodos posteriores para los cuales se le notificó un *Aviso de incumplimiento*.[2] Cabe señalar, que la correspondencia notificada al licenciado Torres Rosario al correo electrónico que consta en el Registro Único de Abogados (RUA) fue devuelta por el servicio de correo electrónico.

Transcurrido el término concedido sin que el licenciado Torres Rosario compareciera por escrito o subsanara las faltas señaladas por el PEJC, el 18 de septiembre de 2017 emitimos una *Resolución* mediante la cual concedimos al letrado un término de veinte días, contados a partir de la

---

[2] Para estos periodos no ha sido citado a una vista informal.

notificación, para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.

En vista de que este no dio cumplimiento a nuestra orden, mediante *Resolución* del 28 de marzo de 2018, concedimos un término final de diez días más. Esta resolución se diligenció el 11 de abril de 2018, a través de un alguacil de este Tribunal y fue recibida por el señor Félix Daniel Torres Quiles, hijo del licenciado Torres Rosario. Al momento el letrado no ha comparecido ni ha dado cumplimiento con lo ordenado.

## II

El Código de Ética Profesional, 4 LPRA Ap. IX, tiene el propósito de "promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa […]".[3] Con ese norte, al prestar juramento para ejercer la abogacía, los togados "se comprometen a obedecer, con lealtad y fidelidad, aquellos deberes y responsabilidades que les impone la ley y el Código de Ética Profesional".[4]

En innumerables ocasiones hemos expresado que el ejercicio de la profesión jurídica requiere que todo abogado y abogada observe rigurosamente los requerimientos de este

---

[3] *In re Alberty Oms*, 2018 TSPR 51, 199 DPR ___ (2018); *In re Espino Valcárcel*, 2018 TSPR 30, 199 DPR ___ (2018).
[4] *In re González López*, 2018 TSPR 28, 199 DPR ___ (2018).

Tribunal.[5] Este mandato ético se encuentra establecido, particularmente, en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Específicamente, este precepto ético obliga a los abogados y a las abogadas a "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[6] Como funcionarios del tribunal, éstos tienen la obligación de atender y obedecer tanto las órdenes de este Tribunal como las de cualquier foro al que se encuentren obligados a comparecer.[7]

En ese sentido, los abogados y las abogadas que ignoran nuestras órdenes y muestran indiferencia ante nuestros apercibimientos sobre sanciones disciplinarias, se exponen a una separación inmediata e indefinida de la profesión.[8] Según hemos sostenido en innumerables ocasiones y esta ocasión no será la excepción: "este Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad".[9]

De otra parte, el Canon 2 del Código de Ética Profesional, requiere que, con el fin de viabilizar "[…] una representación adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a

---

[5] *In re Lee Navas,* 2017 TSPR 208, 198 DPR __ (2017).
[6] *In re Lee Navas*, *supra*; *In re Abreu Figueroa,* 2017 TSPR 126, 198 DPR __ (2017); *In re Mangual Acevedo*, 197 DPR 998 (2017); *In re Marín Serrano*, 197 DPR 535 (2017).
[7] *In re Marín Serrano*, *supra*, pág. 539.
[8] *In re Muriente Colón*, 2018 TSPR 41, 199 DPR __ (2018); *In re Colón Cordovés*, 195 DPR 543, 547 (2016).
[9] *In re Soto Rivera*, 198 DPR 421 (2017); *In re Santaliz Martell*, 194 DPR 911, 914 (2016); *In re Dávila Toro*, 193 DPR 159, 164 (2015).

través del estudio y la participación en programas educativos de mejoramiento profesional […]". Conforme a lo anterior, establecimos "un programa de educación jurídica continua obligatoria dirigido a alentar y contribuir al mejoramiento académico de toda persona que ejerce la profesión del Derecho". De manera que los abogados y las abogadas "se mantengan al día en la jurisprudencia, la legislación, la doctrina y las destrezas necesarias para el desempeño de su profesión dentro de los más altos niveles de calidad y competencia".

Por lo tanto, todo abogado debe cumplir con los requisitos establecidos en el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, y el Reglamento del Programa de Educación Jurídica Continua, *supra*. En esa línea hemos expresado que "[l]a desidia y dejadez ante los requerimientos del PEJC, no solo representan un gasto de recursos administrativos por parte de ese programa, sino que, además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional".[10] Como consecuencia, nos hemos visto obligados a suspender indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requerida.

De otra parte, la Regla (j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, exige a los abogados a mantener

---

[10] *In re Muriente Colón*, *supra*; *In re Mc Connie Sohorter*, 2018 TSPR 29, 199 DPR __ (2018).

actualizados en el RUA sus datos personales, entre éstos, la dirección seleccionada para recibir notificaciones. Por lo cual, hemos señalado que incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente e independiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía.[11]

### III

Este caso reseña la conducta de un abogado que, pese a las múltiples oportunidades concedidas y de los apercibimientos que le hiciéramos respecto a las consecuencias que acarrearía el no subsanar la insuficiencia de créditos y de no acatar nuestras órdenes, este ha incumplido con su deber de responder oportunamente a los requerimientos de este Tribunal. Este cuadro fáctico se agrava ante las deficiencias de créditos que aún tiene con el PEJC y que al día de hoy no han sido subsanadas.

Por otro lado, surge del expediente, que el letrado no ha cumplido con su deber de mantener actualizados sus datos en RUA. Ante esta situación, tuvimos que diligenciar personalmente nuestra última resolución. La actitud pasiva del licenciado Torres Rosario demuestra su dejadez hacia sus responsabilidades como miembro activo de la profesión jurídica y su indiferencia para con nuestras órdenes refleja menosprecio hacia nuestra autoridad.

### IV

---

[11] *In re Pérez Lugo*, 2018 TSPR 87, 198 DPR __ (2018).

De conformidad con el derecho aplicable, así como por la conducta exhibida por el Lcdo. Felix Daniel Torres Rosario, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Como consecuencia, deberá notificar de forma inmediata a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de casos pendientes y cualquier cantidad recibida en honorarios por trabajos no realizados.

Asimismo tiene la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta días contados a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Notifíquese inmediatamente al señor Torres Rosario esta Opinión *per curiam* y *Sentencia*.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In Re;* | TS-2,745 | |
| Félix Daniel Torres Rosario | | |

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2018.

Por los fundamentos expuestos en la Opinión *per curiam* que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos indefinidamente de la práctica de la abogacía al Lcdo. Félix Daniel Torres Rosario.

Como consecuencia, deberá notificar de forma inmediata a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de casos pendientes y cualquier cantidad recibida en honorarios por trabajos no realizados.

Asimismo, tiene la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta días contados a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo