EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                    | 2021 TSPR 87    |
|                           |                 |
| Joel E. Reyes Martínez    | 207 DPR _____   |

Número del Caso: TS-17,543

Fecha: 22 de junio de 2021

Abogados del Sr. Joel E. Reyes Martínez:

        Lcdo. Michael Corona Muñoz
        Lcdo. Virgilio Mainardi Peralta
        Lcdo. José A. Rivera Rodríguez

Materia: La suspensión será efectiva el 25 de junio de 2021, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Joel E. Reyes Martínez          TS-17,543

*PER CURIAM*

En San Juan, Puerto Rico, a 22 de junio de 2021.

En esta ocasión nos vemos obligados a suspender permanente e indefinidamente del ejercicio de la abogacía a un miembro de la profesión legal por su condena en el foro federal. Esto, tras declararse culpable de cometer cierto delito que le descalifica de poder continuar ejerciendo como abogado. Veamos.

**I**

El Lcdo. Joel E. Reyes Martínez fue admitido al ejercicio de la abogacía el 18 de agosto de 2009.[1]

Posteriormente, el 29 de junio de 2016 suspendimos de forma inmediata e indefinida al

---

[1] Adviértase que el Lcdo. Joel E. Reyes Martínez nunca solicitó la admisión al ejercicio de la notaría.

licenciado Reyes Martínez por incumplir con las órdenes de este Tribunal y, consecuentemente, infringir el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. No obstante, luego de evaluar la *Moción urgentísima solicitando reconsideración*, así como la *Moción suplementaria informando gestiones adicionales*, reconsideramos nuestra determinacion inicial y procedimos a suspenderlo por el término de un mes.[2] Expirado el término de suspensión y evaluada la *Moción en respetuosa solicitud de reinstalación*, el 8 de agosto de 2016 procedimos a reinstalar al licenciado Reyes Martínez al ejercicio de la abogacía.[3]

Tiempo después y tras suscitarse unos hechos delictivos, la Fiscalía Federal presentó cargos contra el licenciado Reyes Martínez.[4] Así las cosas, el 26 de septiembre de 2018, la Secretaría del Tribunal Supremo nos refirió una comunicación procedente del Tribunal Federal para el Distrito de Puerto Rico. Mediante esta, tomamos conocimiento de que, el 26 de julio de 2018, el licenciado Reyes Martínez hizo alegación de culpabilidad por el delito de conspirar para poseer con la intención de distribuir y distribuir una sustancia controlada.[5]

---

[2] *In re Joel E. Reyes Martínez*, 195 DPR 912 (2016).

[3] *Resolución* de 8 de agosto de 2016.

[4] *United State of America v. Joel E. Reyes Martínez*, Caso Núm. 3:18-CR-099-01 (FAB).

[5] En particular, la alegación de culpabilidad fue por el delito siguiente: "conspiring to possess with intent to distribute and to distribute a controlled substance, to wit: five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a

Por consiguiente, emitimos una *Resolución* ordenándole al licenciado Reyes Martínez que en un término de 20 días compareciera y mostrara causa por la cual no debíamos suspenderlo provisionalmente del ejercicio de la abogacía.[6] En cumplimiento de orden, el licenciado Reyes Martínez compareció mediante una *Moción mostrando causa por la cual no debe ser suspendido de forma provisional* y, en resumen, solicitó que la suspensión se efectuara luego de que la sentencia adviniera final y firme. Evaluado el escrito, emitimos una *Resolución* en la que ordenamos la suspensión provisional del licenciado Reyes Martínez al ejercicio de la abogacía. Además, le requerimos que nos mantuviera informado sobre el estado del procedimiento penal en su contra y le apercibimos de que, una vez el foro federal dictara sentencia en su contra y esta adviniera final y firme, procederíamos a suspenderlo de manera indefinida de la profesión legal.[7] Como consecuencia de la suspensión provisional, decretamos el archivo administrativo de la Queja AB-2018-152 que estaba pendiente de resolverse.[8]

Así las cosas, el 6 de abril de 2021 el licenciado Reyes Martínez fue sentenciado en el foro federal a cumplir cinco años de probatoria.

---

Schedule II, Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). All in violation of 21 U.S.C. § 846." *Plea Agreement*, pág. 1.

[6] *Resolución* de 5 de octubre de 2018.

[7] *Resolución* de 6 de noviembre de 2018.

[8] *Resolución* de 4 de diciembre de 2018.

## II

Como sabemos, el Tribunal Supremo tiene el poder inherente de reglamentar la profesión legal.[9] Cónsono con lo anterior, hemos reiterado que este Foro tiene autoridad para "desaforar o suspender a los miembros de la profesión que no estén aptos para desempeñar tan delicado ministerio".[10] De manera que, un miembro de la profesión legal podrá ser suspendido o destituido si resultara culpable de engaño, conducta inmoral, delito grave o menos grave, en conexión con el ejercicio de la profesión legal, o de cualquier delito que conlleve depravación moral.[11]

## III

Luego de evaluar el expediente del licenciado Reyes Martínez, queda claro que este hizo alegación de culpabilidad. Así, el Tribunal Federal para el Distrito de Puerto Rico dictó sentencia y esta advino final y firme. Por consiguiente y como el licenciado Reyes Martínez cometió un delito grave que implica depravación moral, es evidente que está incapacitado para practicar la profesión legal.

## IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, decretamos la separación permanente e indefinida del Lcdo. Joel E. Reyes Martínez

---

[9] *In re José Santiago Maldonado,* 2021 TSPR 68, 207 DPR __ (2021).

[10] *In re García Suarez*, 189 DPR 995, 998 (2013).

[11] Sec. 9 de la Ley de 11 de marzo de 1909, 4 LPRA sec. 735; *In re Colón Ledée*, 190 DPR 51, 55 (2014).

del ejercicio de la abogacía. Además, ordenamos que su nombre sea eliminado del Registro Único de Abogados y Abogadas de Puerto Rico.

El señor Reyes Martínez deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Reyes Martínez mediante correo electrónico.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Joel E. Reyes Martínez          TS-17,543

SENTENCIA

En San Juan, Puerto Rico, a 22 de junio de 2021.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la separación permanente e indefinida del Lcdo. Joel E. Reyes Martínez del ejercicio de la abogacía. Además, ordenamos que su nombre sea eliminado del Registro Único de Abogados y Abogadas de Puerto Rico.

El señor Reyes Martínez deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Reyes Martínez mediante correo electrónico.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                                        José Ignacio Campos Pérez
                                        Secretario del Tribunal Supremo