EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Yolanda M. Stacholy Ramos<br>(TS-11,690) | 2021 TSPR 102<br><br>207 DPR _____ |

Número del Caso:  CP-2019-12


Fecha:  21 de junio de 2021


Oficina del Procurador General:

     Lcdo. Isaías Sánchez Báez
     Procurador General

     Lcda. Lorena Cortés Rivera
     Subprocurador General

     Lcdo. Pedro A. Vázquez Montijo
     Subprocurador General

     Lcda. Gisela Rivera Matos
     Procuradora General Auxiliar


Abogados de la querellada:

     Lcda. Daisy Calcaño López
     Lcdo. Luis E. Laguna Mimoso




Materia: Conducta Profesional - Suspensión del ejercicio de la abogacía por un término de tres meses por infringir los Cánones 9, 12, 18, 20 y 38 del Código de Ética Profesional.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Yolanda M. Stacholy Ramos          CP-2019-12
    (TS-11,690)

*PER CURIAM*

En San Juan, Puerto Rico, a 21 de junio de 2021.

En esta ocasión suspendemos a un miembro de la profesión legal por violar los Cánones 9, 12, 18, 20 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX.

I

La Lcda. Yolanda M. Stacholy Ramos (licenciada Stacholy Ramos) fue admitida al ejercicio de la abogacía en Puerto Rico el 26 de junio de 1996, y al ejercicio de la notaría el 25 de enero de 2001.

El 2 de julio de 2014 el Sr. Martín Santiago Rodríguez (señor Santiago Rodríguez) presentó una Queja en contra de la licenciada Stacholy Ramos. Alegó que contrató los servicios profesionales de la letrada para que lo representara en el caso Santiago

Rodríguez v. Walmart PR Inc. h/n/c Supermercados Amigo, Civil Núm. HSCI2011-1597 ante el Tribunal de Primera Instancia, Sala de Humacao.[1]

El señor Santiago Rodríguez puntualizó que la letrada realizó una labor negligente, ya que no contestó las notificaciones del tribunal, y dejó vencer los plazos que se le concedieron para someter ciertos documentos en la etapa de descubrimiento de prueba. Añadió que el incumplimiento reiterado y la falta de diligencia de la licenciada Stacholy provocaron la desestimación de su caso según sentenció el foro primario el 5 de junio de 2014.

De igual manera, el señor Santiago Rodríguez sostuvo que la letrada se negó a presentar su renuncia al caso a pesar de habérsela solicitado en varias ocasiones. Asimismo, adujo que la letrada no le devolvió el expediente cuando se lo requirió en junio de 2014.

De manera paralela, ante el incumplimiento reiterado con las órdenes y requerimientos de este Tribunal en la tramitación del procedimiento disciplinario que nos ocupa, suspendimos a la licenciada Stacholy Ramos inmediata e indefinidamente, de la abogacía y la notaría mediante Opinión *Per Curiam*, In re Yolanda Stacholy Ramos, 195 DPR 858 (2016). En consecuencia, este procedimiento disciplinario quedó paralizado. Posteriormente, mediante Resolución del 22 de

---

[1] Santiago Rodríguez v. Walmart PR Inc. h/n/c Supermercados Amigo, Civil Núm. HSCI2011-1597 (sobre despido injustificado al amparo de la Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185 et seq., y discrimen por razón de género en su modalidad de hostigamiento sexual, al amparo de la Ley Núm. 69 de 6 de julio de 1985, 29 LPRA sec. 1321 et seq.).

diciembre de 2017, reinstalamos a la licenciada Stacholy Ramos al ejercicio de la abogacía únicamente y reactivamos el procedimiento disciplinario.[2]

Así las cosas, la letrada presentó su contestación a la Queja. En síntesis, sostuvo que atravesó un periodo convulso en su vida personal durante el tiempo en el cual representó al señor Santiago Rodríguez. Narró que sufrió la pérdida de dos familiares. Añadió que era la única cuidadora de su madre, quien sufrió complicaciones de salud severas que requirieron enfrentarse a un procedimiento quirúrgico. Por último, señaló que ella también sufrió complicaciones de salud tras una caída que le requirió reposo.

A pesar de lo anterior, aceptó que tales circunstancias afectaron su trabajo y desempeño, pero aclaró que en todo momento se mantuvo en comunicación con el señor Santiago Rodríguez. A tono con lo anterior, expresó su arrepentimiento y solicitó que se le brindara la oportunidad de subsanar cualquier falta que este Tribunal determinara que cometió.

Tras recibir la contestación a la Queja, remitimos el asunto a la Oficina del Procurador General (OPG) para que realizara la investigación correspondiente. Luego de los trámites de rigor, la OPG nos presentó su Informe. En resumen, la OPG concluyó que existía prueba clara, robusta y convincente de que la letrada violó los Cánones 9, 12, 18, 20 y 38 del Código de Ética Profesional, supra.

---

[2] La Lcda. Yolanda M. Stacholy Ramos no fue reinstalada al ejercicio de la notaría.

En cuanto a los Cánones 9 y 12, precisó que la licenciada Stacholy Ramos hizo caso omiso a las órdenes del Tribunal de Primera Instancia para que cumpliera con el descubrimiento de prueba. A su vez, señaló que la letrada incumplió con la orden del foro primario para que expusiera su posición respecto a una solicitud de desestimación que presentó la parte demandada en el pleito. Puntualizó que los incumplimientos fueron reiterados y, en consecuencia, el foro primario le impuso sanciones económicas a la letrada.

En lo ateniente al Canon 18, señaló que la licenciada Stacholy Ramos no fue diligente ni rindió una labor idónea. Precisó que el incumplimiento reiterado con las órdenes del foro primario y el abandono del caso tuvo como consecuencia la desestimación con perjuicio de la acción que el señor Santiago Rodríguez presentó. Adicionalmente, la OPG sostuvo que la conducta de la licenciada Stacholy Ramos causó dilación excesiva en el trámite del caso lo cual también incidió en la desestimación. Explicó que la letrada tampoco realizó gestión alguna ante el foro primario para evitar la dilación o la posterior desestimación. Enfatizó que, aun cuando esta mencionó que estuvo en comunicación con el señor Santiago Rodríguez, la realidad es que incumplió con múltiples órdenes del foro primario y no evitó la desestimación del pleito. Así, concluyó que la letrada también incumplió con su deber de diligencia.

De otra parte, respecto al Canon 20, señaló que la letrada no renunció a la representación legal, a pesar de que

el señor Santiago Rodríguez se lo solicitó. Además, la letrada no le devolvió el expediente al señor Santiago Rodríguez cuando este lo requirió.

A tono con lo anterior, la OPG concluyó que la letrada también violó el Canon 38, pues demostró dejadez e indiferencia hacia la responsabilidad que tiene todo abogado o abogada con su cliente. Esa indiferencia desembocó en la desestimación con perjuicio de la causa de su cliente. En consecuencia, razonó que la licenciada Stacholy Ramos no se esforzó por exaltar el honor y la dignidad de la profesión.

En su contestación al Informe de la OPG, la letrada reiteró los argumentos que esbozó en su contestación a la Queja. Examinado el Informe de la OPG, así como la contestación al Informe que la letrada presentó, ordenamos a la OPG presentar la Querella correspondiente. Tras la presentación de la Querella, la licenciada Stacholy Ramos compareció y presentó su Contestación a la Querella.

Allí reiteró que debió haber presentado su renuncia cuando conoció de las circunstancias que le impedían continuar la tramitación de la causa del señor Santiago Rodríguez y expresó su arrepentimiento. Sin embargo, argumentó que le expresó al señor Santiago Rodríguez sobre las situaciones personales y familiares que ella enfrentó en aquel entonces. Añadió que le brindó la alternativa al señor Santiago Rodríguez de buscar otro abogado. Adujo que, a pesar de lo anterior, el señor Santiago Rodríguez no buscó otro abogado ni ella presentó su renuncia ante el foro primario. Aclaró que siempre mantuvo informado al señor Santiago Rodríguez.

Por último, aceptó que las circunstancias personales y familiares que enfrentó incidieron en su labor profesional y en la atención del trámite del proceso disciplinario.

El 8 de octubre de 2020 la letrada compareció mediante *Urgente Moción Suplementando Contestación a la Querella*. Reiteró su arrepentimiento, y nos acreditó haberle remitido un cheque por la suma de $2,500.00 al señor Santiago Rodríguez con el ánimo de resarcir el error que cometió. Por último, la licenciada Stacholy Ramos presentó evidencia de su buena reputación en la comunidad.[3]

II

El Código de Ética Profesional, supra, contiene las normas mínimas que rigen la conducta de los abogados y las abogadas, y persiguen su desempeño ejemplar en el ejercicio de la profesión. In re Nazario Díaz, 198 DPR 793, 802 (2017); In re Ortiz, Rivera, 195 DPR 122, 131 (2016).

**a. Canon 9. Conducta de los abogados ante los tribunales.**

En particular, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, exige a los abogados y las abogadas mostrar el mayor respeto hacia los tribunales. Al respecto, hemos expresado lo siguiente:

> Aunque el deber de respeto para con los tribunales que recoge el Canon 9 lo hemos utilizado mayormente para sancionar la inatención de los abogados a requerimientos de este Tribunal dentro de procedimientos disciplinarios, de igual forma este postulado ético incluye indubitadamente el

---

[3] En particular, la licenciada Stacholy Ramos acompañó cuatro declaraciones juradas de abogados admitidos a la profesión legal en Puerto Rico y quienes dieron fe de conocer la dedicación, calidad profesional y responsabilidad que, según sus dichos, caracteriza a la letrada.

deber de todo profesional del derecho de atender con igual diligencia y seriedad las órdenes del Tribunal de Primera Instancia y del Tribunal [de] Apelaciones. In re Roldós Matos, 161 DPR 373, 383 (2004).

Similarmente, hemos determinado inequívocamente que "[e]l deber impuesto por este canon, el cual está directamente relacionado con la obligación de todo abogado de propiciar la buena administración de la justicia, exige el cumplimiento diligente de las obligaciones asumidas y las órdenes de los foros judiciales". In re Feliciano Rodríguez, 298 DPR 369, 378 (2017).

**b. Canon 12. Puntualidad y tramitación de las causas.**

De otra parte, el Canon 12 de Ética Profesional, 4 LPRA Ap. IX, C. 12, le impone al abogado el deber de tramitar las causas de forma responsable y con puntualidad. Además, le exige desplegar todas las diligencias necesarias para asegurarse de evitar indebidas dilaciones en la tramitación y resolución del caso. In re López Santiago, 199 DPR 797, 809-810 (2018). Conforme a este canon, hemos establecido que los abogados y las abogadas deben observar estrictamente las órdenes judiciales y responder con premura a ellas. Íd. pág. 810.

**c. Canon 18. Competencia del abogado y consejo al cliente.**

El Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 18, establece lo concerniente a la competencia del abogado y dispone, en lo pertinente, que:

Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que

> ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

El deber de diligencia que impone el Canon 18 "implica que el [abogado] realice las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia". In re Amill Acosta, 181 DPR 934, 940 (2011) (*citando* a S. Steidel Figueroa, *Ética y Responsabilidad del Abogado*, San Juan, Pubs. J.T.S, 2010, pág. 179). Lo anterior, pues en la profesión de la abogacía no existe espacio para que los abogados y las abogadas actúen con indiferencia, desidia, despreocupación, inacción y displicencia en la tramitación de los casos que le han sido encomendados. In re Cuevas Borrero, 185 DPR 189, 199 (2012).

Cabe resaltar que ciertas conductas constituyen, de su faz, violaciones al deber de diligencia que dispone el Canon 18. Entre esas conductas hemos resaltado las siguientes: **(1) no comparecer a los señalamientos del Tribunal;** (2) no contestar los interrogatorios presentados; **(3) desatender o abandonar el caso;** (4) permitir que expire el término prescriptivo o jurisdiccional de una causa de acción, e (5) incurrir en cualquier tipo de actuación negligente que resulte en la desestimación o archivo del caso. In re Miranda Daleccio, 193 DPR 753, 763 (2015) (Énfasis suplido).

**d. Canon 20. Renuncia de representación legal.**

El Canon 20 de Ética Profesional, 4 LPRA Ap. IX, C. 20, dispone, en lo pertinente, que:

> Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.
>
> Antes de renunciar la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.

Por tanto, "mientras el tribunal no conceda la renuncia, un abogado [o una abogada] mantiene su deber de llevar a cabo su gestión de forma diligente y competente, acorde a las exigencias del Código de Ética Profesional". In re Blain León, 199 DPR 443, 454 (2018) (citando a In re Avilés Vega, 197 DPR 829, 844 (2017)). De manera que el abogado o la abogada viola este canon al abandonar o desligarse por completo del asunto encomendado sin antes solicitar al tribunal el relevo de la representación legal. Íd.

**e. Canon 38. Preservación del honor y la dignidad de la profesión.**

El Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 38 enfatiza los valores principales que deben prevalecer en el ejercicio de la profesión legal: la dignidad y el honor. Este canon dispone, en lo pertinente, que "[e]l abogado [o la abogada] deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta personal impropia". 4 LPRA Ap. IX, C. 38.

En repetidas ocasiones, hemos expresado que "por ser los abogados [y las abogadas] el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen". In re Reyes Coreano, 190 DPR 739, 757 (2014). Según hemos resuelto anteriormente, desatender varias órdenes de los tribunales, con el efecto directo de que se desestime la causa de acción del cliente, es contrario a los principios que persigue proteger el Canon 38. Véase In re Villalba Ojeda, 193 DPR 966, 980 (2015).

De otra parte, este Tribunal ha establecido que al determinar la sanción disciplinaria que se impondrá a un abogado, podemos considerar los factores siguientes: (1) la buena reputación del abogado en la comunidad; (2) su historial previo; (3) si esta constituye su primera falta y si ninguna parte ha resultado perjudicada; (4) la aceptación de falta y su sincero arrepentimiento; (5) si se trata de una conducta aislada; (6) el ánimo de lucro que medió en su actuación; (7)

resarcimiento al cliente, y (8) cualquiera otras consideraciones, ya sean atenuantes o agravantes, en relación con los hechos. *Véase* In re Rivera Contreras, 202 DPR 73 (2019).

### III

Según mencionamos, la OPG le imputó a la licenciada Stacholy Ramos haber incurrido en violaciones a los Cánones 9, 12, 18, 20 y 38 del Código de Ética Profesional, supra. Coincidimos.

En este caso, la letrada incumplió con múltiples órdenes que el foro primario emitió respecto al descubrimiento de prueba en el caso del señor Santiago Rodríguez. A pesar de lo anterior, el foro primario le concedió términos adicionales a la letrada, sin que esta lo solicitara, para que cumpliera con las órdenes emitidas. Tras el incumplimiento reiterado, el foro primario le apercibió a la licenciada Stacholy Ramos que se le impondrían sanciones. Como esta última continuó desatendiendo las órdenes del foro primario, se le impusieron sanciones económicas. Ante el abandono de la letrada en la tramitación de las causas del señor Santiago Rodríguez, la parte demandada presentó una solicitud de desestimación. En atención a ello, el foro primario le concedió a licenciada Stacholy Ramos un término de veinte (20) días adicionales para expresar razones por las cuales no debía desestimar la causa de acción ante su consideración.

Expirado el término sin que la letrada compareciera o cumpliera con alguna de las órdenes del foro primario, la parte demandante presentó una segunda solicitud de

desestimación. Como resultado, el foro primario desestimó con perjuicio la causa del señor Santiago Rodríguez.

No surge del expediente que la letrada hubiese presentado escrito alguno ante el foro primario para explicar las razones que la llevaron a incumplir con las órdenes del tribunal y que desembocaron en su posterior desestimación. La letrada tampoco presentó ante el Tribunal de Primera Instancia una moción de renuncia de representación legal.

Al incurrir en esa conducta, la licenciada Stacholy Ramos violó los Cánones 9, 12, y 18 del Código de Ética Profesional, supra. Primero, su conducta demostró claro menosprecio a las órdenes del foro primario. Segundo, el incumplimiento reiterado con las órdenes del Tribunal de Primera Instancia dilató la tramitación de la acción del señor Santiago Rodríguez. Lo anterior provocó la suspensión de vistas, y obligó al Tribunal a emitir órdenes concediendo términos adicionales, en aras de brindar oportunidad a la letrada para acreditar su cumplimiento. A su vez, la conducta de la licenciada Stacholy Ramos trastocó la sana administración de la justicia. Tercero, la letrada no representó al señor Santiago Rodríguez de forma diligente y competente. Por el contrario, esta se desligó completamente de la causa de acción de su cliente lo cual provocó la desestimación de su caso.

Por otro lado, determinamos que la licenciada Stacholy Ramos infringió también el Canon 20. La letrada no presentó su renuncia de representación legal, a pesar de que el señor Santiago Rodríguez se la solicitó. En cambio, desatendió el caso de su cliente a sabiendas de que no estaba relevada de su

representación legal. Es inaceptable el argumento de la letrada respecto a que el señor Santiago Rodríguez no buscó otro abogado o abogada para que le representara cuando ella le sugirió ese proceder. Sin lugar a duda, la licenciada Stacholy Ramos ignoró un postulado ético básico que todo profesional del derecho debe tener presente: que los abogados y abogadas no pueden desligarse de los casos en los cuales aceptaron fungir como representantes legales de las partes sin contar con la anuencia del tribunal. Adicionalmente, la letrada retuvo el expediente, a pesar de que el señor Santiago Rodríguez solicitó que se le entregara.

Por último, se le imputó a la licenciada Stacholy Ramos violar el Canon 38. Debemos evaluar si la conducta que la letrada desplegó va contra la dignidad y el honor de la profesión. Concluimos que sí. Las actuaciones de la letrada, según descritas en los acápites anteriores, demuestran total dejadez, indiferencia y despreocupación en su desempeño y la tramitación de la causa del señor Santiago Rodríguez. Según hemos resuelto anteriormente, desatender varias órdenes de los tribunales, con el efecto directo de que se desestime la causa de acción del cliente, es contrario a los principios que persigue proteger el Canon 38. *Véase* <u>In re Villalba Ojeda</u>, supra. Por lo tanto, determinamos que la letrada infringió también el Canon 38.

IV

Bajo el crisol de la norma discutida, y los hechos particulares que motivaron el procedimiento disciplinario que nos ocupa, concluimos que la licenciada Stacholy Ramos

infringió los Cánones 9, 12, 18, 20 y 38 del Código de Ética Profesional, <u>supra</u>.

Cabe señalar que la licenciada Stacholy Ramos cumple con varios factores atenuantes que este Tribunal ha establecido para considerar al momento de determinar la sanción disciplinaria. Primero, la letrada expresó su arrepentimiento. Segundo, aceptó los hechos que se le imputaron. Tercero, la letrada acreditó haberle remitido un cheque por la suma de $2,500.00 al señor Santiago Rodríguez con el ánimo de resarcir el error que cometió.

Ahora bien, existen agravantes que también son aplicables. En primer lugar, anteriormente suspendimos indefinidamente a la licenciada Stacholy Ramos, por lo que no estamos ante una primera falta disciplinaria. Específicamente, la suspendimos por incumplimiento con las órdenes de este Tribunal en la tramitación de este proceso disciplinario. Ello tuvo como consecuencia el entorpecimiento de nuestra función disciplinaria y dilató excesivamente el trámite disciplinario. En segundo lugar, el desempeño de la letrada y los incumplimientos reiterados con las órdenes del foro primario, provocaron la desestimación con perjuicio de la causa de acción del señor Santiago Rodríguez.

V

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, y en consideración a los factores atenuantes y

agravantes, se suspende a la licenciada Stacholy Ramos del ejercicio de la abogacía por un término de tres (3) meses.[4]

La licenciada Stacholy Ramos deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) a la señora Yolanda M. Stacholy Ramos. El recibo de la notificación será confirmado por vía telefónica.

Se dictará sentencia de conformidad.

---

[4] Un estudio de la jurisprudencia más reciente revela lo siguiente:
1. Suspendimos de la abogacía y la notaría, por tres meses, a un letrado que, en lo pertinente, violó los Cánones 9, 12, 18, 19, 35, 38. In re Lugo Quiñones, 2021 TSPR 02.
2. Suspendimos de la abogacía y la notaría, por seis meses, a una letrada que, en lo pertinente, violó los Cánones 9, 12, 18, 19 y 20. Esta letrada fue suspendida anteriormente por violación a los Cánones 9, 12, 18, 20 y 38. In re Villalba Ojeda, 203 DPR 572 (2019); In re Villalba Ojeda, 193 DPR 966 (2015) (suspendida por tres meses).
3. Suspendimos del ejercicio de la abogacía, por tres meses, a un letrado que, en lo pertinente, violó los Cánones 9, 12, 18, 35 y 38. Había sido suspendido anteriormente, causó perjuicio a la causa de su cliente, pero lo resarció. In re Torres Rodríguez, 201 DPR 1057 (2019).
4. Suspendimos del ejercicio de la abogacía, por tres meses a un letrado que, en lo pertinente, violó los Cánones 12, 18, 19 y 38. El letrado no tenía historial disciplinario y mostró genuino arrepentimiento. In re Miranda Daleccio, 193 DPR 753 (2015).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Yolanda M. Stacholy Ramos          CP-2019-12
        (TS-11,690)

SENTENCIA

En San Juan, Puerto Rico, a 21 de junio de 2021.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende del ejercicio de la abogacía, por un término de tres (3) meses, a la Lcda. Yolanda M. Stacholy Ramos.

La licenciada Stacholy Ramos deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) a la señora Yolanda M. Stacholy Ramos. El recibo de la notificación será confirmado por vía telefónica.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres está conforme y emitió la expresión siguiente:

"En el 2017 reinstalamos a la Lcda. Yolanda M. Stacholy Ramos al ejercicio de la abogacía luego de que la suspendimos por no cumplir con nuestras órdenes en la tramitación del proceso disciplinario por el que hoy nuevamente la estamos suspendiendo. He sido consistente en advertir que no debemos reinstalar a un abogado al ejercicio de la profesión legal si este tiene algún proceso disciplinario pendiente ante nosotros. De esa forma nos aseguramos de que estamos autorizando a ejercer la profesión legal a una persona en cumplimiento con los estándares éticos necesarios. Este Tribunal permitió que la licenciada Stacholy Ramos ejerciera la abogacía desde el 2017 sin la certeza de que cumplía con las exigencias éticas de la profesión. Al permitir esto, este Tribunal le hizo una representación errónea al Pueblo de Puerto Rico. Como demuestra la Opinión *Per Curiam*, la letrada incumplió con los cánones de ética profesional y no era merecedora de ejercer la práctica de la abogacía. Este caso es un ejemplo de ello y por eso advertí de esta posibilidad cuando reinstalamos la licencia de esta abogada en 2017. Pudimos evitar esta falsa representación a la ciudadanía si hubiésemos atendido el proceso disciplinario que estaba pendiente en lugar de reinstalarla en 2017. Le hacemos un flaco servicio a la ciudadanía y no protegemos el interés público si reinstalamos a abogados sin la certeza de que cumplen con los estándares para ejercer la profesión legal".

José Ignacio Campos Pérez
Secretario del Tribunal Supremo